## Doe, on the Demise of Wayman, v. Naylor.

By the statute of 1817, real estate might be sold on an execution of fieri facias, without an inquiry as to the value of the rents and profits, or a venditioni exponas; unless the execution-defendant required an inquest.

If a statute be repealed, and the repealing act itself be afterwards repealed, the original act is revived.

The statute of 1821 supplied an omission in that of 1817, by authorising a venditioni exponas and sale of land, where the rents and profits had been offered for sale, but would not bring a sufficient sum to pay the debt.

A venditioni exponas was not necessary, under the statute of 1817, except in cases where there had been an inquest.

By the statute of 1810, an inquest and venditioni exponas were necessary without request.

If a conveyance of real estate appears on its face to have been regularly executed, and its execution is attested by subscribing witnesses, it is admissible in evidence without a certificate of acknowledgment; an acknowledgment being essential to the admission of a deed to record, but not to its validity.

ERROR to the *Jackson* Circuit Court.—Ejectment for a lot of ground in *Brownstown*, in which suit *Wayman* is the lessor of the plaintiff and *Naylor* is the defendant. Plea, the general issue. The plaintiff proved that the defendant, being the owner of the lot in question, became replevin-surety of record for the payment of a judgment against *Beatty*, in favour of *Steele & M'Carty*. He then, after proof of the judgment, offered in evidence an execution of fieri facias against the defendant as the replevin-surety, the sheriff's return of the execution showing a sale of the premises to the lessor, and the sheriff's deed in conformity to the sale. This evidence was objected to by the defendant, and the objection was sustained. Verdict and judgment for the defendant.

Blackford, J.—It is contended that the execution of fieri facias did not authorise the sale; but that an inquest to inquire as to the rents and profits, and a venditioni exponas, were also

necessary. By the second section of the act of 1818, subjecting real and personal property to execution, Stat. 1818, p. 185, an inquest and venditioni exponas were made necessary, *in cases where the defendant requested an inquest.* That section of the statute of 1818 was repealed in 1820. Stat. 1820, p. 113. This repealing act was itself repealed in 1821; Stat. 1821, p. 36; and consequently the second section of the act of 1818 was revived. The act of 1822, p. 81, is supplemental to the act of 1818, as amended by that of 1821, Stat. 1821, p. 3, and supplied an omission in the statute of 1818, by authorising a venditioni exponas and sale, where the rents and profits would not sell for a sufficient sum to pay the debt.

The act of 1818, sec. 2, governs this case, which was in the year 1822; and as the record shows *no request for an inquest,* none was necessary; nor was a venditioni exponas necessary, which was only required when there had been an inquest. The fieri facias, therefore, must be considered as having warranted the sale.

The case of *Armstrong* v. *Jackson d. Elliott, Nov.* term, 1822, cited by the defendant does not apply (1). That case was governed by the act of 1810, according to which the inquest and venditioni exponas were necessary *without request.*

The objection to the fieri facias and return, as evidence in this case, should have been overruled.

It is contended that the sheriff's deed had not been properly acknowledged, and was therefore inadmissible. The deed appears on its face to have been regularly executed, and its execution is attested by subscribing witnesses. An acknowledgment is necessary for the admission of a deed to record, but is not essential to its validity. The want of a proper certificate of acknowledgment was, therefore, no ground for rejecting the sheriff's deed.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the issue are set aside, with costs. Cause remanded, &c.

*Payne,* for the plaintiff.

*Naylor* and *Nelson,* for the defendant.

(1) Vol. 1. of these Rep. 210.