## Case No. 13,544.
### STRONG v. SMITH.
[3 McLean, 362.] [1]

Circuit Court, D. Indiana. May Term, 1844.

DEEDS—ACKNOWLEDGMENT — CERTIFICATE OF AUTHORITY—NOTICE—PARAMOUNT TITLE.

1. When a deed is executed out of Indiana, for land within it, and which is acknowledged before a justice of the peace, under the Indiana statute, the clerk of the county should certify as to the authority of the justice and not the secretary of state.

2. A deed not acknowledged, in Indiana, is valid between the parties, and when proved may be received in evidence. But such deed until properly acknowledged, though recorded, is not notice.

3. A deed valid between the parties, executed before an attachment is laid upon the land, and the deed being properly acknowledged and recorded, before the deed under the attachment, which was not recorded within twelve months, conveys a paramount title.

[Cited in Story v. Black, 5 Mont. 26, 1 Pac. 11.]

At law.

Mr. Smith. for plaintiff.
Wick & Barbour, for defendant.

OPINION OF THE COURT. This case is submitted to the court on a statement of facts. Both parties claim under Andrews. The lessor of the plaintiff's deed was executed in the state of Connecticut, 11th of January, 1840. The same day it was acknowledged before a justice of the peace, and certified by the secretary of state. It was recorded the 4th November, 1840. On 17th November, 1843, the clerk of the county, under the seal of the court, certified that the justice who took the acknowledgment was a justice, and it was again recorded in Indiana, in the proper county, the 27th November, 1843. The defendant claims under an attachment, by a deed from the sheriff, dated 13th of July. 1842, which was recorded the 24th of January, 1844. The land was attached after the date of plaintiff's deed, and sold 23d of January, 1840. The lessor of the plaintiff's deed was properly acknowledged in Connecticut before a justice of the peace, but the certificate of the secretary of state was not the proper evidence, under the Indiana statute, as to the authority of the justice. On this ground, it is presumed, the deed was certified with the seal and certificate of the county clerk in 1843.

In Doe on the Demise of Wayman v. Naylor. 2 Black [67 U. S.] 32, the court held, "An acknowledgment is necessary for the admission of a deed to record, but is not essential to its validity." "If the recorder records a deed which has not the statutory requisites to admit it to record, such deed is not entitled to the legal effects of a deed." Oliv. Conv. 274. The recording of a deed for land defective in a statute requisite, is not constructive notice of its existence to third persons. Carter v. Champion, 8 Conn. 594. A deed not acknowledged, or acknowledged defectively, if recorded in Indiana, would not be notice, but it is good between the parties, and, when proved, is admissible in evidence. The attachment was not laid upon this land until after it was conveyed to the lessor of the plaintiff. That conveyance was good between the parties, but, by reason of a defect in the certificate as to the justice, though recorded, it was not technically notice. This error being corrected the deed was again recorded, about two months before the defendant's deed from the sheriff was placed upon record. As the deed of the defendant was not recorded within twelve months from the time of its execution, and not until after the lessor of the plaintiff's deed was recorded, effect is given to the latter, unless it shall be shown to have been fraudulent. There is no pretence of this in regard to the plaintiff's deed. Upon the whole, we think the title of the lessor of the plaintiff is paramount to that of the defendant, and, consequently, the judgment must be entered in his favor.