GIVAN *v.* DOE, on the Demise of TOUT.

A mortgagee in fee of real estate has the legal title to the estate, and the same right to transfer it by deed that he has to convey by deed the legal title of any other real estate. Indeed, as the statute is understood to require conveyances of land to be by deed, the legal title of such mortgagee can be conveyed by him to a purchaser in no other way than by deed.

Ejectment by the lessee of *B. T.*, a mortgagee in fee, against the mortgagor. The defendant, to prove the title out of the lessor, introduced the following deed : " Know all men by these presents that I, *B. T.*, of, &c., for and in consideration of the sum of 1,200 dollars to me secured, have granted, bargained, sold, assigned, and transferred, and do, by these presents, grant, bargain, sell, assign, and transfer, to *J. G.* and *S. M.* all my right, claim, and interest, in and to a certain mortgage and the premises therein described, made and executed to me by *J. L. G.* on, &c., to secure to me the payment of 1,400 dollars with interest, &c. And I hereby authorize and empower the said *J. G.* and *S. M.* to prosecute in my name all suits now commenced by me, or to begin and prosecute to final judgment any and all suits in my name which they may deem necessary, in and about the collection of the 1,400 dollars and the interest thereon accrued, or which may hereafter accrue, (they being responsible for all costs, expenses, &c.;) and they, said

May Term,
1844.

GIVAN
v.
DOE.

*J. G.* and *S. M.*, are hereby fully authorized and empowered to order, direct, and control, the said mortgage and the collection of the money thereby secured, (in my name and for their use and benefit,) to all intents and purposes, as fully and amply as I might and could do myself, and to receive and receipt for the same, hereby ratifying and confirming whatsoever the said *J. G.* and *S. M.* shall and may lawfully do in the premises. Witness my hand and seal this first of *March*, 1841.—*B. T.* (SEAL.)" It appeared that when this deed was executed, notes were given for the purchase-money, and that the mortgage referred to in said deed was the same with the mortgage relied on by the plaintiff *Held*, that this instrument was a deed of bargain and sale of the mortgaged premises which passed the use to the bargainees, and that the statute of uses transferred to them the possession. *Held*, also, that said deed authorized the bargainees to collect the mortgage-debt for their own use in the name of the bargainor.

The *English* statute requiring deeds of bargain and sale to be enrolled, is not in force in this state.

Such deeds, under our statute, are valid between the parties without being acknowledged or recorded.

A separation of the legal title to mortgaged premises from the claim at law to the mortgage-debt frequently occurs ; but if at any time before foreclosure the mortgagor or his assignee pay the debt, he is entitled to the legal estate.

APPEAL from the *Hendricks* Circuit Court.

*Monday*,
July 15.

BLACKFORD, J.—This was an action of ejectment, commenced against *James L. Givan* in *August*, 1841, for certain real estate in *Hendricks* county. Plea, not guilty. Verdict and judgment for the plaintiff.

The lessor's title, on which the plaintiff relied, was a mortgage in fee on the premises, executed to the lessor by the defendant on the 30th of *December*, 1837, to secure a debt of 1,400 dollars, for which the defendant had executed his note to the lessor, payable five years after the date of the mortgage, with interest at the rate of eight *per cent. per annum* from the date.

To defeat the suit, by showing the title out of the lessor, the defendant relied on the following deed : "Know all men by these presents that I, *Basil Tout*, of the county of *Hendricks* and state of *Indiana*, for and in consideration of the sum of 1,200 dollars to me secured, have granted, bargained, sold, assigned, and transferred, and do, by these presents, grant, bargain, sell, assign, and transfer, to *James M. Gregg* and *Samuel Melogue* all my right, claim, and interest, in and to a certain mortgage and the premises therein described, made and executed to me by *James L. Givan* on the 30th day of *December*, 1837, to secure to me the payment of 1,400

dollars with interest at the rate of eight *per cent.*, due in five years from date. And I hereby authorize and empower the said *Gregg* and *Melogue* to prosecute in my name all suits now commenced by me, or to begin and prosecute to final judgment any and all suits in my name which they may deem necessary, in and about the collection of the 1,400 dollars and the interest thereon accrued, or which may hereafter accrue, (they being responsible for all costs, expenses, &c.;) and they, said *Gregg* and *Melogue*, are hereby fully authorized and empowered to order, direct, and control, the said mortgage and the collection of the money thereby secured, (in my name and for their use and benefit,) to all intents and purposes, as fully and amply as I might and could do myself, and to receive and receipt for the same, hereby ratifying and confirming whatsoever the said *Gregg* and *Melogue* shall and may lawfully do in the premises. Witness my hand and seal this first of *March*, 1841.—*Basil Tout*, (seal.)" The defendant proved that the deed last named was delivered to the grantees on the day of its date; that, at the same time, notes were given for the purchase-money; and that the mortgage referred to in said deed was the same with the mortgage relied on by the plaintiff. The Court refused to instruct the jury that the deed executed by *Tout* to *Gregg* and *Melogue* operated as a conveyance of the estate in question; and this refusal is the only error assigned.

We think the instruction should have been given. The mortgagee had the legal title to the land, and the same right to transfer it by deed that he could have had to convey by deed any other real estate. Indeed, as the statute is understood to require conveyances of land to be by deed, the legal title of a mortgagee in fee can be conveyed by him to a purchaser in no other way. R. S. 1838, p. 312. The instrument of writing under seal executed by *Tout* for a valuable consideration, must be considered as a deed of bargain and sale of the land in controversy. By that deed, the use of the premises passed to the bargainees, and the statute of uses transferred to them the possession. *Fite* v. *Doe, d. Bingham et al.* 1 Blackf. 127. The circumstance that the deed does not appear to have been acknowledged and recorded, *is* not material. The *English* statute requiring bargains and sales

to be enrolled in one of the Courts of *Westminster*, &c., was never, from its local nature, in force here ; and such deeds, under our statute on the subject, are valid between the parties without being acknowledged or recorded. *Doe, d. Wayman*, v. *Naylor*, 2 Blackf. 32.—*Stevenson* v. *Cloud*, 5 *id.* 92. There does not appear to be any legal assignment of the mortgage-debt ; but the concluding part of the bargain and sale authorizes the bargainees to collect the debt for their own use in the name of the bargainor.

<em>May Term,</em><br>1844.<br><br>Givan<br>v.<br>Doe.

From this view of the case, it appears that the bargainees have the legal title to the land and an equitable claim to the debt, the legal right to the debt remaining in the mortgagee. Such separation of the legal title to the land from the claim at law to the mortgage-debt frequently occurs. It happens, for instance, where the mortgage is in fee, and the mortgagee dies. In that case, the legal estate descends to the heir at law, or passes to the devisee, as trustee for the executor, and the right to the money goes to the executor. 3 Prest. on Abs. 288.—Coote on Mort. 529. In *England*, when a bond is given for the debt, and the mortgagee conveys the land to another, the debt not being there assignable at law remains in the mortgagee, and the legal title to the land is in the grantee. The grantee in such case usually takes a power of attorney to collect the debt in the grantor's name. Coote on Mort. 322. But if the mortgagor or his assignee pay the debt before foreclosure, he is entitled to the legal estate.

Considering as we do that the legal title to the premises in question is not in the mortgagee, it follows that this action of ejectment on his demise is not sustainable.

*Per Curiam.*—The judgment is reversed at the costs of the lessor. Cause remanded, &c.

*W. W. Wick*, for the appellant.

*C. C. Nave*, for the appellee.