## GOULD *v.* WOODWARD.

A deed, with a defective certificate of acknowledgment, is admissible in evidence, but is not conclusive without further proof.

A deed, defectively acknowledged, is good between the parties, but not sufficient to impart notice of the sale to others.

### *Appeal from Muscatine District Court.*

*Opinion by* KINNEY, J. Action of right brought by Gould against Woodward. The plaintiff introduced evidence tending to prove his title to the premises and rested. The defendant then introduced a judgment, execution, and sheriff's deed. The plaintiff objected to the deed going in evidence, on the ground that it was defectively acknowledged, which objection the court overruled. To this the plaintiff excepted. The only question for this court to determine is : Was the deed properly admitted in evidence?

The acknowledgment is as follows :

TERRITORY OF IOWA, }
MUSCATINE COUNTY, } *ss.*

Before me, James Litly, clerk of the district court in and for said county, personally appeared the above named George Humphreys, sheriff, known to me to be the person whose name is subscribed thereto, and acknowledged the signing of the above to be his free

and voluntary act and deed, this 14th day of July, A. D., 1845.                    JAMES LITLY, *Clerk of said county.*

With the seal of said county hereto affixed.

It is claimed that this certificate is defective in this : that the officer does not state *how* he knows the person making the acknowledgment ; and in support of this we are referred to R. S. 1843, §§ 10, 11, p. 205.   Section 11 required that the certificate of acknowledgment shall state the fact of acknowledgment, and that the person making the same was *personally* known to the officer granting the certificate. It will be observed that the officer has left out the word " personally " in his certificate.   This certificate is defective for some purposes.   It might not be sufficient to charge notice upon a judgment purchaser.   But is it such a defect as would exclude the deed from being introduced as evidence ?

Section 34 of the same act, cited by plaintiff, is as follows : " Every instrument of writing conveying or affecting real estate, which shall be acknowledged or proved, and certified as hereinbefore prescribed, may, together with the certificate of acknowledgment, proof, or relinquishment, be read in evidence *without further proof.*"   Does it follow that if the deed is not acknowledged and certified as before required, it should not be read in evidence at all ?   We think not.   It may go in evidence, but shall not be conclusive.   If properly acknowledged and certified, no further proof is necessary ; but if defectively certified, we know of no law excluding it from the jury.

In the case of *Strong* v. *Smith,* 3 McLean, 362, it was decided that a deed not acknowledged, or acknowledged defectively, if recorded in Indiana, would not be notice, but was good between the parties, and, when proved, was admissible in evidence.   Vide *Wayman* v. *Naylor,* 2 Black., 32.   An acknowledgment is necessary for the admission of a deed to record, but is not essential to its validity.   It can only impart notice by being properly acknowledged and certified.   But it has been decided that the estate passes

to the grantee presently, before the acknowledgment. *Marshall* v. *Fish*, 6 Mass., 24; *Wash* v. *Willard*, 13 N. H., 389.

It is not necessary to adduce authorities. The deed was admissible in evidence, under our statute, though the certificate of the officer is defective.

Judgment affirmed.

*H. O'Connor*, for appellant.

*W. G. Woodward*, for appellee.