# COUNTY OF ANDROSCOGGIN.

† HILL *versus* MORE.

Under a mortgage of real estate to secure a bond with certain conditions, in which was also this stipulation : — " that should either party be dissatisfied with the fulfilling of the above bond, it shall be submitted to certain persons, (named,) and their decision shall be final," the mortgagee may enter for foreclosure, for a *breach* of the mortgage, without resorting to the opinions of the arbitrators named in the bond.

And in an action involving the legality of the foreclosure, other evidence of the breach of the bond is admissible.

ON REPORT from *Nisi Prius*, RICE, J., presiding.
WRIT OF ENTRY. *Nul disseizin* was pleaded.

The demandant claimed the premises in fee, and to support her title, introduced a mortgage deed of the premises from Ebenezer H. Ayer to Mark Hill, dated March 24, 1844, with the note mentioned in the condition, also a published notice of the foreclosure of the same by said Hill. She also proved that Mark Hill died in April, 1848, and offered, in evidence, a copy of his last will and testament, in which was a devise to demandant of all his real estate in the county of Cumberland, (the premises were then in that county,) to hold the same, *so long as she remained a single woman.* On the day of her marriage or death, it was bequeathed to another.

It was objected by defendant that the action was not supported by this evidence, and its admission resisted as incompetent.

The tenant's title to the premises was a mortgage deed from Ebenezer H. Ayer to True Woodman, dated March 24, 1835, duly recorded on the same day, which provided for the performance of a bond, given by Ayer to Woodman, for

the maintenance of the latter and his wife, the conclusion of which was as follows : —

" And we agree that should either party be dissatisfied with the fulfilling of the above bond, it shall be submitted to Ebenezer Whitehouse, Moses Emery, jr. and John Verrill, and their decision shall be final."

The tenant also put in an office copy of an entry upon the premises, in the presence of two witnesses, by True Woodman, on Feb. 15, 1845, for condition broken, and a deed of warranty from said Woodman to himself, dated June 18, 1845. It also appeared that the tenant mortgaged back to Woodman the same, to secure an obligation to support him and his wife during their lives.

There was evidence tending to show that the bond of E. H. Ayer, by his own admission, prior to the entry of Woodman, had been broken, and that there was no dispute on that question. There was also rebutting testimony.

The tenant also offered to prove, by witnesses in Court, that said E. H. Ayer did actually break the condition of the bond in several particulars, prior to the entry of True Woodman; and that after such entry, Woodman maintained possession until he sold to defendant, and that the latter had been in possession since; also, that tenant had supported Woodman and wife until they died.

All this testimony was rejected by the Court.

It was agreed to submit the cause to the full Court, with power to draw inferences as a jury might, and if, on the evidence admissible, the action was not maintainable, judgment to be rendered for defendant; otherwise, for plaintiff; and if the testimony offered in defence, was erroneously rejected, which, in connection with the legal evidence in the case, would bar this action, then the case to be sent to a jury.

*May*, for plaintiff.

On the facts proved, the demandant took a freehold estate in the premises, and may maintain this action, notwithstanding she alleged her seizin in fee simple. But, if necessary,

we wish for liberty to amend the writ to conform to the title proved.   R. S., c. 145, § § 3, 4.

Section 5; of same chapter, is merely directory.

As against Hill, the tenant acquires no title.   The only title Woodman had to convey, was a mortgage, given to secure a bond, which, in its nature, was not assignable, being a personal trust.   *Clinton* v. *Flye,* 10 Maine, 292.   No attempt was made to assign that, and it did not pass by this deed.   *Dockray & ux.* v. *Noble & al.* 8 Greenl. 278; *Gould* v. *Newman,* 6 Maine, 239.

An assignee of a mortgage, without any part of the debt secured, cannot recover the land.   *Johnson* v. *Candage & al.* 31 Maine, 28; *Cram* v. *March,* 4 Pick. 131; *Haynes* v. *Wellington,* 25 Maine, 458.

We further contend, that no foreclosure of the Woodman mortgage has been effected.   No legal entry has been made for a breach of the bond.   That question, by both parties, was agreed to be determined by certain persons therein named, and no attempt to obtain their decision has been made.

There was no other mode by which to prove a breach of the bond.   This part of the agreement was as binding as any other part, and no action upon the bond or mortgage can be maintained until offers and attempts at reference have been properly made.

Again, we say the entry was not effectual, as there was no visible change of possession, and Hill had no notice of the entry.

Nor could the possession of the tenant be the same as that of Woodman to work a foreclosure.   The statute contemplates that the person entering, shall continue *his* possession for the three following years.   To work a forfeiture, the requirements must be strictly followed.   *Call* v. *Leisner & al.,* 23 Maine, 25.

*J. C. Woodman,* for tenant, objected first to the sufficiency of the evidence to show a foreclosure of the mortgage under which the demandant claimed, and that if not foreclosed,

the action for possession must be brought by the executor or administrator. *Smith* v. *Dyer*, 16 Mass. 18; *Dewey* v. *Van Deuson*, 4 Pick. 20; Stearns on Real Actions, pp. 258, 259 and 260; Kent's Com. 154–5.

That if foreclosed, the demandant only shows a life estate, and the evidence does not support the declaration in which she claims a fee. Stearns on Real Actions, 206; Forms of declarations in same; R. S., c. 145, § § 5, 6, 11, 46.

Again, the title of the tenant is perfect. The bond of Ayer, though informal, was sufficient. 1 Shep. Touchstone, 367; 2 Black. Com. 295; *Storer* v. *Bradbury*, 14 Maine, 185. This bond was described in the condition of the mortgage, and subsequent purchasers are charged with notice. *Perkins* v. *Lyman*, 11 Mass. 83; *Low* v. *Piers*, 4 Bur. 2227; *Pike* v. *Collins*, 33 Maine, 45.

We had a right to show a breach of the bond without calling on the persons named therein as arbitrators. That clause did not negative the preceding clause, where he was required to keep its conditions.

This part of the bond, relied upon by the other side, seems to have been inserted for the benefit of the parties, particularly the obligor, that he, if desirous to fulfil the bond, might appeal to the arbitrators, in a doubtful case, where there was a dispute.

But if necessary to call on the arbitrators, before an action could be maintained on the bond, it would not be necessary to call on them before the obligee could proceed to foreclose the mortgage, provided he could show that the obligor had broken the conditions of the mortgage, which would involve an inquiry whether the bond was broken. It was not necessary to show the bond at all. *Brooks* v. *Briggs*, 32 Maine, 447; *Thayer* v. *Mann*, 19 Pick. 537; *Joy* v. *Adams*, 26 Maine, 333.

The bond being shown, is itself, like a note of hand past due, *prima facia* evidence of a breach, and casts the burden on the plaintiff, that Ayer furnished the requisite support to the time True Woodman entered for foreclosure. 1 Stark.

Ev. 376, part 3, § 1; 2 Stark. Ev. 309, title, "Bond";
*Gray* v. *Gardiner & als.* 17 Mass. 189.

But if the burden is on the defendant to show a breach
of the bond before entry for foreclosure, the evidence au-
thorizes that conclusion.

As to the objection, that the mortgage debt was not assign-
ed, we answer, that True Woodman's warrantee deed, con-
veyed to Samuel More the title by the mortgage deed, the
mortgage deed and Ayer's bond to Woodman and wife for
support; and if it did not *eo instanti* convey the bond of
Ayer, it conveyed the mortgage to More and made him a
trustee for the bondholder; and the moment the mortgage
was foreclosed for the benefit of True Woodman, it passed
to the defendant by way of estoppel by the covenants of
warranty in Woodman's deed.

An assignment of a mortgage is effected by a quitclaim
deed, if the intent thereby to convey the title is manifest.
*Crooker* v. *Jewell*, 31 Maine, 306, 313 and 314. In this
case, there is no intimation, that any personal security was
conveyed. The true construction of the 17th § of the 125th
chapter of the R. S., requires, that the tender, in order to lay
a foundation for a bill in equity to redeem, should be made
to the mortgagee, until he makes an assignment of the
mortgage and that assignment is recorded; and this, if he
has parted with all the personal security connected with the
mortgage. After that, the tender should be made to the
assignee; certainly if he has entered. *Smith* v. *Kelley*, 27
Maine, 240; *Wing* v. *Davis*, 7 Greenl. 31, 33, 34; *Dock-
ray & ux.* v. *Noble & al.*, 8 Greenl. 278, 285. A mortgagee,
especially after entry for foreclosure, is considered as having
a legal estate, which may be aliened and transferred by any
of the established modes of conveyance, subject only, until
foreclosure, to be redeemed by the mortgager. *Hunt* v.
*Hunt*, 14 Pick. 380.

When True Woodman made his warrantee deed to the
defendant, March 27, 1845, retaining the bond of Ayer, he
took from the defendant a new bond, with mortgage, for the

support of himself and wife. The warrantee deed did not convey an absolute and unconditional fee, for the grantor did not own one. By the covenants in the deed, True Woodman and the defendant were both estopped to deny, that an unconditional fee passed subject to the new mortgage. *Lawry* v. *Williams*, 13 Maine, 284; *Crocker* v. *Pierce & ux.*, 31 Maine, 182. Ebenezer H. Ayer was sitting by and assenting to this, and is also estopped. *Colby* v. *Norton*, 19 Maine, 412; *Hatch* v. *Kimball*, 16 Maine, 146; *Sullivan* v. *Park*, 33 Maine, 439; *Matthews* v. *Light*, 32 Maine, 309.

It was clearly the intent of the parties to uphold the bond, and transfer it to the defendant. If not, he would be giving his bond to True Woodman without consideration. And if he acquired nothing from True Woodman by the deed, he would convey nothing back by his mortgage. If that was his purpose, True Woodman would destroy his whole security on the property for support, which we cannot believe. For True Woodman, after he gave his warrantee deed, to combine with Ayer and Mark Hill, to surrender the bond to Ayer, in order to defeat the defendant's title, would be inconsistent with the covenants of his deed, and a fraud on the defendant.

From all the cases, the inference arises, that an ordinary assignment without covenants or a quitclaim deed, will be effectual to transfer a mortgage, if that is the intent, but not the personal security without naming it; that such a conveyance makes the assignee a trustee for the holder of the personal security. But that, if the conveyance be by a deed with covenants of general warranty, the personal security also passes without delivery even, in order to make the title as nearly perfect as can be done by the warranty. This last principle was expressly decided in the case of *Lawrence* v. *Stratton & al.*, 6 Cush. 163, 165, 169 and 170; and in *Wing* v. *Davis*, 7 Greenl. 31 and 33; and in *Weeks* v. *Eaton*, 15 N. H. 149.

Upon principle, this must be so, for after the assignee of

the mortgage has foreclosed it, he never can be ousted by his assignor by warrantee deed, although such assignor may hold the personal security. The assignor will be estopped to claim by his covenants of warranty. The following cases go to establish the same doctrine.—*Jones* v. *Huggeford*, 3 Met. 515, 519; *Crane* v. *March*, 4 Pick. 131, 136. We are met on the other side by the case of *Webb* v. *Flanders*, 32 Maine, 175. That case is distinguishable from this in two particulars. The warrantee deed was made before breach of the condition of the mortgage. Secondly, in that case, it was proposed to foreclose the mortgage by a suit at law. But the case is a very short one, without arguments of counsel; without reasoning from the Court; a mere *per curiam* opinion. It is admitted in the opinion, that the mortgage was transferred by the warrantee deed. According to the authorities cited in this case, and upon principle, the warrantee deed, *ipso facto*, operated as a transfer of the bond, and if not, the assignee of the mortgage became a trustee for the bond holder, and the conclusion is, that unless the foreclosure was interrupted by the sale to Samuel More, the fee simple became absolute in the defendant at the close of three years, (Feb. 15, 1848.) That the foreclosure was not interrupted by the sale is settled and certain. R. S., c. 125, § § 3, 4, 6 and 15; Stat. 1821, c. 39, § 1; *Wing* v. *Davis & al.*, 7 Greenl. 31 and 33; *Hatch* v. *Kimball*, 14 Maine, 12; *Cutts* v. *York Manf. Co.* 18 Maine, 203. These cases settle the question in Maine, and the same is settled law in New Hampshire. *Smith* v. *Smith*, 15 N. H. 55.

The tenant More, being in possession by a warrantee deed from True Woodman, the original mortgagee, who had entered and taken possession for foreclosure for condition broken, the only remedy of Mark Hill, or those who represent him, even if the bond was all paid up and discharged by Ayer, the mortgager, would be by Bill in Equity. R. S. c. 125, § § 16, 17, 18, 19 and 20; *Parsons* v. *Welles*, 17

Mass. 425; *Bigelow* v. *Willson*, 1 Pick. 491; *Sherman* v. *Abbot*, 18 Pick. 451.

APPLETON, J. — On March 17, 1835, E. H. Ayer conveyed the demanded premises to True Woodman, in mortgage, to secure the performance of a bond or contract he had given to said Woodman, conditioned to support him and his wife during their natural lives, and to do and perform certain other things therein specified. On Feb. 15, 1845, True Woodman entered to foreclose his mortgage for condition· broken. The defendant offered to prove, if admissible, and of the admissibility of this evidence there can be no question, that Ayer had broken the conditions of his bond in several particulars, before the entry of Woodman to foreclose; and that after such entry, Woodman· remained in possession of the mortgaged premises until March 27, 1845, when he conveyed the same, by deed of warranty, to the defendant, who, at the same time, gave back a mortgage to said Woodman to secure the performance of a bond given for his support and that of his wife; that the defendant performed all the terms of the bond, and supported Woodman and his wife till their death, and since their decease, has remained in possession to the present time.

It was in proof, on the part of the plaintiff, that on March 24, 1844, E. H. Ayer mortgaged the same premises to Mark Hill, under whom the demandant derives her title.

In deducing her title, the demandant shows that she is only entitled to a life estate. The writ alleges a fee, and the evidence fails to show that the demandant has a fee in the demanded premises. Were the plaintiff entitled to recover, an amendment might be allowed, by which this objection would be avoided.

The title of the tenant, if legally connected with the mortgage of Ayer to Woodman, is prior to that of the demandant, who claims by a subsequent mortgage from the same Ayer. The demandant, however, denies the entry to foreclose to have been legally made, and that the tenant

can avail himself of the mortgage given by Ayer to Woodman to defeat the present action.

The bond of Ayer to Woodman, to which reference has already been had, after reciting conditions, proceeds as follows:— " Now if the said Ebenezer H. Ayer, shall well and truly perform all the above conditions in the above bond, then the above obligation for one thousand dollars to be void; otherwise, to remain in full force and virtue, and we agree that should either party be dissatisfied with the fulfilling of the above bond, it shall be submitted to Ebenezer Whitehouse, Moses Emery, jr., and John Verrill, and their decision shall be final." The ground taken in the defence is, that as these referees have not decided, that there has been a breach of the conditions of the bond, there could be no valid entry to foreclose, and, consequently, no foreclosure.

It is fully proved, by the admissions of Mark Hill, and the other proof adduced, that there was a breach of the conditions of the bond given to True Woodman, prior to his entry to foreclose.

It is insisted by the counsel for the plaintiff, that an adjudication of such breach is an essential prerequisite to a valid entry by the mortgagee, and constitutes the only proof by which a breach of the bond can be established.

An agreement to refer or a general provision that all disputes which may arise in the execution of a contract shall be decided by arbitrators, will not be allowed to deprive this Court of its jurisdiction. *Thompson* v. *Charnock*, 8 D. & E. 139; *Haggard* v. *Morgan*, 4 Sandf. S. C. 198. It is undoubtedly true, that parties may by agreement " impose a condition precedent with respect to the mode of settling the amount of damage or the time for payment or any matters of that sort which do not go to the root of the action." *Avery* v. *Scott*, 8 Exch. 497. But in this case no condition precedent to an entry is imposed. Nothing in the bond prevents the entry of the mortgagee whenever a breach of the condition has accrued. The case is within the principles laid down by Lord CAMPBELL in *Livingston* v. *Ralli*,

30 Eng. Law & Eq. 279, where he says, " though an agreement to refer has been considered no bar to an action upon the subject agreed to be referred, the language of Courts and Judges has always been, that if the party was damnified by the refusal to refer, he might bring an action."

If True Woodman, having legally entered for condition broken, and remaining in possession of the mortgaged premises, conveyed the same by deed of warranty to the tenant, such conveyance would transfer to him the legal possession of the same. " A mortgagee," remarks SHAW, C. J., in *Hunt* v. *Hunt*, 14 Pick. 374, "especially after entry for foreclos-· ure, is considered as having a legal estate which may be alienated and transferred by any of the established modes of conveyance, subject only, until foreclosure, to be redeemed by the mortgager." In *Freeman* v. *McGaw*, 15 Pick. 82, it was held, an assignment of a mortgage might be made by quitclaim. In *Lawrence* v. *Stratton*, 6 Cush. 163, the Court held, that a warrantee deed would convey all the right the mortgager had in the mortgage, which is a conditional fee, and would also operate as an equitable assignment of all interest in the notes secured by it. In *Given* v. *Doe*, 7 Blackf. 210, it was held, that a mortgagee in fee of real estate has the legal title to the estate, and the same right to transfer it by deed that he has to convey by deed the legal title of any other real estate. In that case, there was no legal assignment of the mortgage debt, but the Court held the grantee had the legal title to the land and an equitable claim to the debt. " Such separation," says BLACKFORD, J., " of the legal title to the land from the claim at law frequently occurs." So it has recently been held in New York, that although a sale made by a mortgagee is irregular, his deed operates as an assignment of the mortgage. *Olmsted* v. *Elder*, 2 Sanf. S. C. 325. In that case, the Court say, " The deed was sufficient, at least to transfer to the defendant the money due upon the mortgage. The interest on the mortgage was in arrear, and the mortgagees were entitled to foreclose or to sell under the

statute.    The defendant, therefore, occupies the position of a mortgagee in possession of the mortgaged premises," &c. In *Crooker* v. *Jewell*, 31 Maine, 306, it was decided, that a mortgage might be assigned by deed of quitclaim.    In *Lincoln* v. *White*, 30 Maine, 294, the interest of a mortgagee, before the foreclosure had become perfected, was conveyed by deed, and the conveyance held valid.

The tenant being lawfully in possession by warrantee deed from the mortgagee in possession, his grantor would be estopped from questioning his title, and if, being defeasible at the time of the grant, it should subsequently become perfect, it would inure to his benefit.    *Pike* v. *Galvin*, 29 Maine, 183; *Baxter* v. *Bradbury*, 20 Maine, 260.

The tenant, then, connecting his possession and title with that of the mortgagee, who had legally entered to foreclose, cannot be ejected by the owner of the equity of redemption, though the mortgage debt may have been paid or discharged since such entry.    The only remedy, which the law recognizes in such case, is by bill in equity, where the rights of all parties can be equitably adjusted.    *Parsons* v. *Welles*, 17 Mass. 419; *Hill* v. *Payson*, 3 Mass. 559.

Upon the evidence before us, the plaintiff fails to show a right of action as against the tenant, and a nonsuit must be entered.                                        *Plaintiff nonsuit.*