ADELE N. SANFORD, Appellant, *v.* THE COMMERCIAL TRAVELERS' MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Respondent.

*Trial by jury — insurance certificate — stipulation in advance that any dispute shall be referred.*

Parties cannot in advance, by a general agreement, provide that their differences shall be submitted to arbitrators or referees and thus entirely oust the court of its jurisdiction, nor can they by such an agreement oust the court of any part of its jurisdiction or supersede the law which provides the method of trial and regulates the proceedings in an action.

A provision contained in a certificate of membership in an insurance company that the issues in any action brought against it by the member or his beneficiary, under such certificate, should, upon the demand of the association, or its attorney, be referred for trial to a referee to be appointed by the court in which the action should be brought, denies to the claimant the constitutional right of a trial by jury and is void.

APPEAL by the plaintiff, Adele N. Sanford, from an order of the Supreme Court, entered in the office of the clerk of the county of Onondaga on the 15th day of December, 1894, directing a reference of the issues in this action.

*D. M. Kellogg,* for the appellant.

*M. W. Van Auken,* for the respondent.

MARTIN, J.:

This action was to recover upon a policy or certificate of insurance issued by the defendant, and was not an action in which a compulsory reference could have been properly ordered under the provisions of the Code of Civil Procedure. The order directing

a reference was based solely upon a stipulation in the policy or certificate of membership, which was as follows: "It is hereby stipulated and agreed by and between this association and the member named herein and his beneficiary, that the issues in any action brought against it under this certificate, shall, on the demand of this association or its attorney, be referred for trial to a referee to be appointed by the court in which such action is brought." Thus the single question to be determined is whether this provision is valid and binding upon the parties.

It is well settled by a long line of both American and English authorities, that a general covenant or agreement that any differences that may subsequently arise in the performance of a contract, or under an executory agreement, shall be submitted to the decision of arbitrators or referees, will not oust a court of law or equity of jurisdiction, and that judicial powers in regard to the property and rights of parties cannot by such an agreement be conferred upon others to the exclusion of the jurisdiction of the courts. (*Kill* v. *Hollister*, 1 Wils. 129; *Mitchell* v. *Harris*, 2 Ves. Jun. 129; *Thompson* v. *Charnock*, 8 Term Rep. 139; *Street* v. *Rigby*, 6 Ves. Jun. 815; *Scott* v. *Avery*, 5 H. L. Cas. 811; *Horton* v. *Sayer*, 4 H. & N. 643; *Roper* v. *Lendon*, 1 El. & El. 825; *Cooke* v. *Cooke*, L. R. [4 Eq.] 77; *Hope* v. *International Financial Society*, L. R. [4 Ch. Div.] 327; *Gray* v. *Wilson*, 4 Watts, 39; *Stone* v. *Dennis*, 3 Porter, 231; *Allegre* v. *The Maryland Insurance Co.*, 6 Harr. & J. 408; *Randel* v. *Ches. & Del. Canal Co.*, 1 Harr. 234; *Robinson* v. *Georges Ins. Co.*, 17 Maine, 131; *Cray* v. *The Hartford Fire Ins. Co.*, 1 Blatchf. 280, 288; *Percival* v. *Herbemont*, 1 McMul. 59; *Smith* v. *B., C. & M. Railroad*, 36 N. H. 487; *Leonard* v. *House*, 15 Ga. 473; *Hill* v. *More*, 40 Maine, 515; *Peters' Administrator* v. *Craig*, 6 Dana, 307; *Tobey* v. *The County of Bristol*, 3 Story, 800; *Rowe* v. *Williams*, 97 Mass. 163; *Haggart* v. *Morgan*, 4 Sandf. 198; *Austin* v. *Searing*, 16 N. Y. 112; *Hurst* v. *Litchfield*, 39 id. 377; *Prest., etc., D. & H. Canal Co.* v. *Penn. Coal Co.*, 50 id. 258; *Poultney* v. *Bachman*, 10 Abb. N. C. 253; *Wells* v. *Monihan*, 129 N. Y. 161; *Wicks* v. *Monihan*, 130 id. 232; *Bauer* v. *Samson Lodge*, 102 Ind. 262; *The Supreme Council, etc.*, v. *Garrigus*, 104 id. 133; *Insurance Co.* v. *Morse*, 20 Wall. 445; *Mentz* v. *Armenia Fire Ins. Co.*, 79 Penn. St. 478; *Wood* v. *Hum-*

*phrey*, 114 Mass. 185; *German-American Ins. Co.* v. *Etherton*, 25 Neb. 505, 508; *Reed* v. *Washington Ins. Co.*, 138 Mass. 575; *Commercial Union Assurance Co.* v. *Hocking*, 115 Penn. St. 407; *Leach* v. *Republic Ins. Co.*, 58 N. H. 245; *Noyes* v. *Marsh*, 123 Mass. 286.) It seems that a condition in a policy of insurance limiting the place where or the courts in which an action may be brought, is also invalid. (11 Am. & Eng. Ency. of Law, 352; 5 Lawson's Rights, Rem. & Pr. § 2085; Bliss on Life Ins. § 360; *Reichard* v. *Manhattan Life Ins. Co.*, 31 Mo. 518; *Nute* v. *Hamilton Mut-Ins. Co.*, 6 Gray, 174; *Hall* v. *People's Mut. Fire Ins. Co.*, Id. 185; *Amesbury* v. *Bowditch Mut. Fire Ins. Co.*, Id. 596, 603; *Boynton* v. *Middlesex Mut. Fire Ins. Co.*, 4 Metc. 212; *Insurance Co.* v. *Morse*, *supra*; *Barron* v. *Burnside*, 121 U. S. 186.) In these cases the general proposition was maintained that agreements in advance to oust the courts of jurisdiction conferred by law were illegal and void, and it was held that while any such right might be waived or its exercise omitted in each recurring case after the question had arisen, yet, a party could not bind himself in advance by an agreement thus to forfeit his rights.

In *Greve* v. *Ætna Live Stock Ins. Co.* (81 Hun, 28) a doctrine in conflict with the authorities cited seems to have been held. In that case the policy contained a provision that any suit or action for the enforcement of any claim under it should be brought and maintained only in the courts of Warren county, and the court held that that provision was not in contravention of public policy, but valid and binding upon the parties. The decision in that case was based upon the *Matter of the N. Y., L. & W. R. R. Co.* (98 N. Y. 447), which the court held conclusively disposed of the question. In the railroad case the owner of certain real estate which the com. pany desired to acquire entered into a contract to sell and convey the premises to the corporation for a price to be ascertained in proceedings to be instituted under the Railroad Act. The agreement named the commissioners who should be appointed, and it was held that it was valid. The principle of that case seems to us to be entirely distinct and essentially different from the principle applicable to a case where provisions like the one under consideration have been brought in question. In the railroad case there was a present contract to sell, and the parties simply made an agreement as to the

manner of determining the price to be paid.   Such an agreement
was valid within all the authorities.   They might have agreed to
have it determined by arbitration or by reference, and such an agree-
ment would have been valid.   The principle of the cases cited
was entirely inapplicable to such a question.   In that case there was
a present issue or question to be determined, and the parties agreed
as to the manner in which it should be determined.   That they
clearly had the right to do.   But in this case, the provision in the
policy was for the determination of such matters and differences as
might in the future arise in the performance of this contract, and
attempted in advance to designate the tribunal which should deter-
mine those rights when they should arise.   We think the railroad
case is clearly distinguishable from this.   While we are not satisfied
that the decision in the *Greve* case is correct, yet, as the question in
that case is unlike the one under consideration here, it is unnecessary
to further discuss it, or to expressly dissent from the doctrine there
laid down.   We are of the opinion that the weight of authority is
to the effect that such a provision as that contained in the policy in
this case is a nullity, and in no way ousts or limits the jurisdiction
of the court, or affects the law relating to the method in which such
an action should be tried.   That after the right of action had sprung
into existence the defendant might have waived her right to a trial
by jury and consented to a reference, there can be no doubt.   (Code
Civ. Proc. § 1009.)   But parties cannot, in advance, by a general
agreement, provide that their differences shall be submitted to arbi-
trators or referees, and thus entirely oust the court of its jurisdic-
tion, nor can they by such an agreement oust the court of any part
of its jurisdiction, or supersede the law which provides the method
of trial, and regulates the proceedings in an action.   The plaintiff
had a right to a trial by jury.   The court under the law had control
over the proceedings in the action.   The agreement under considera-
tion so far as its effect would be to foreclose or change such right
or control, was invalid.

The order should be reversed, with ten dollars costs and disburse-
ments, and motion denied, with ten dollars costs.

HARDIN, P. J., and MERWIN, J., concurred.

Order reversed, with ten dollars costs and disbursements, and
motion denied, with ten dollars costs.