(14 Misc. Rep. 501.)

KNORR v. BATES et al.

(Common Pleas of New York City and County, General Term. December 2, 1895.)

1. CONTRACTS—PUBLIC POLICY—RESTRICTING RIGHT TO SUE.
    A stipulation in a contract, that a party who breaks it may not be sued, is void, because repugnant to the obligation assumed by the contract, and because ousting the courts of jurisdiction. 33 N. Y. Supp. 691, affirmed.

2. SAME—ACTION AGAINST ONE NOT A PARTY.
    Parties to a contract may not, without statutory authority, designate a person to be sued for its breach who is nowise liable upon its breach.
    (Syllabus by the Court.)

Appeal from special term.

Action by Louise Knorr against Andrew J. Bates and others. From a judgment and order overruling a demurrer to the complaint (33 N. Y. Supp. 691), defendants appeal. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

Lexow, Mackellar & Wells, for appellants.

Carter, Hughes & Dwight (Arthur C. Rounds, of counsel), for respondent.

PRYOR, J. Stating the case in its essential elements only, it is this: The defendant Douglas R. Satterlee, as underwriter on a policy, insured the plaintiff against loss by fire. A loss occurring within the scope of the policy, he is sued as underwriter upon his promise of payment, and he demurs to the complaint as insufficient in substance. The policy, incorporated with the complaint, provides that "no action shall be brought by the insured to enforce the provisions of this policy, except against the attorneys in fact, as representing all of the underwriters; and each of the underwriters hereby agrees to abide the result of any suit so brought as fixing his individual responsibility hereunder." The specific ground of demurrer is that an action against the attorneys in fact was a condition precedent to a right of action against the underwriters. The provision of the policy, be it observed, is, not that no action shall be brought against the defendant as underwriter until performance by the plaintiff of some condition precedent,—the case to which President, etc., Delaware & H. Canal Co. v. Pennsylvania Coal Co., 50 N. Y. 250, and similar adjudications, are applicable,—but that in no event shall the defendant be sued for enforcement of his obligation. True, the defendant agrees to abide by the result of the action against the attorneys in fact as fixing his individual responsibility; but of what avail is such a stipulation? He is not the judgment debtor, and of course an execution cannot go against him upon the judgment against the attorneys; and, as no action may be brought against him, his agreement to abide the event of the suit against the attorneys is without legal sanction, and dependent for performance on his own pleasure. A stipulation against enforcement of an obligation by judicial process is, in effect, an exemption from liability on the obligation; and upon principle, as well as by the adjudged cases, such a stipulation is void, and no answer to an action on the obligation. 1 Add. Cont. (3d Am. Ed.) § 225; Jenk. Cent. p. 96, pl. 86; Furnivall v. Coombes, 6 Scott, N. R. 522; Williams v. Hathaway, 6 Ch. Div. 544.

It is urged, however, that provision for enforcing the obligation is supplied by the suit against the attorneys in fact. But these attorneys, as such, are not parties or privies to defendant's promise. And how can an action be maintained against a stranger to the contract? The attorneys neither made nor broke the promise, and for breach of contract only the delinquent promisor is responsible. Dicey, Parties (2d Am. Ed.) 223. The case is not of a contract with an agent for an undisclosed principal (Meeker v. Claghorn, 44 N. Y. 349), but of a promise by the principal himself. Plainly, therefore, the provision

for an action against the attorneys in fact is nugatory, as an expedient for fulfillment of the defendant's obligation, and the plaintiff is still free to enforce his right by action against the defendant.

Again, a provision in a contract that the party breaking it shall not be answerable in an action is a stipulation for ousting the courts of jurisdiction, and, as such, is void, upon grounds of public policy. Stephenson v. Insurance Co., 54 Me. 70; Insurance Co. v. Morse, 20 Wall. 445, 451; Telegraph Co. v. Dickinson, 13 Am. Rep. 298, note; Little v. Insurance Co., 25 Am. Rep. 104, note; Shipping Co. v. Lehman, 39 Fed. 704; Nute v. Insurance Co., 6 Gray, 174; Scott v. Avery, 5 H. L. Cas. 811, 847; Sanford v. Association, 86 Hun, 380, 383, 33 N. Y. Supp. 512; Id., 147 N. Y. 326, 41 N. E. 694; 1 Add. Cont. (3d Am. Ed.) § 258.

The defendant is not supported in his position by section 449 of the Code, which allows the trustee to sue, but does not suffer him to be sued; nor by section 1919, because it is not apparent that there is any such association or liability as the statute contemplates. McCabe v. Goodfellow, 133 N. Y. 89, 30 N. E. 728; Georgeson v. Caffrey (Sup.) 24 N. Y. Supp. 971. Who shall be defendant in an action the law prescribes, and it is not competent to parties, by private convention, to supersede the legal provision. Sanford v. Association, 86 Hun, 380, 383, 33 N. Y. Supp. 512; Evans v. Hooper, 1 Q. B. Div. 45; Gray v. Pearson, L. R. 5 C. P. 568; Hybart v. Parker, 4 C. B. (N. S.) 209.

Judgment and order affirmed, with leave to answer on payment of costs. All concur.