the office; that she saw Mr. Aronson, who referred her to Mr. Bond, and Mr. Bond employed her; that Mr. Aronson referred her to Mr. Bond for the work which she was to do. This would be sufficient to make out a case of hiring by Mr. Aronson, and it was for him to show that he was acting as agent, and was acting within the scope of his authority in hiring her; also, that she was given to understand by some kind of notice that he was only acting on behalf of the company. Whitman v. Johnson, 10 Misc. Rep. 725, 31 N. Y. Supp. 805; Kahn v. Weill, 9 Misc. Rep. 150, 29 N. Y. Supp. 53; Mahony v. Kent, 7 Misc. Rep. 726, 28 N. Y. Supp. 19. It is manifest, from her evidence in this case, that she understood Mr. Aronson was her employer because he was manager of the theater; and it is to prevent parties being misled in parting with their services or their property to persons who seek to avoid responsibility on a claim of agency that the rule requires not only agency must be proved, but notice. The record in this case is barren of any proof of that kind. It is not shown that Mr. Aronson had any power to employ a typewriter for the Casino Company. That was the first requisite to a defense of this character. The next. is that there was no proof that he disclosed to her, or that there were circumstances disclosed to her, by which she knew that she was employed by the corporation or for the Casino Company. Defendant failed to establish such notice. In addition to the cases cited, we passed upon the same question in Hespe v. Wyman (Sup.) 37 N. Y. Supp. 652. That leaves the only question whether there was any evidence of employment by Mr. Aronson sufficient to hold him personally. We think that there was evidence of employment by him, and that she might fairly understand that he employed her. We reverse the judgment, and order a new trial, with costs to the appellant to abide the event.

---

PUTNAM, Respondent, v. SUPREME TENT OF KNIGHTS OF MACCABEES et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. July 30, 1896.) Action by Grace Putnam against the Supreme Tent of the Knights of the Maccabees, impleaded with others. No opinion. Judgment and order affirmed, with costs.
(15 Misc. Rep. 692)

RALLI et al., Respondents, v. HILLYER, Appellant. (City Court of New York, General Term. October, 1895.) Action by Pandia C. Ralli and others against George R. Hillyer. William C. Beecher, for appellant. Charles Wehle, for respondents.

CONLAN, J. Appeal from a judgment sustaining a demurrer. The case of Knorr v. Bates (Com. Pl.) 33 N. Y. Supp. 691, is an authority on the question presented by the demurrer, and binding upon this court, notwithstanding the more liberal view taken by Judge Ingraham in Leitner v. Beecher (Sup.) 37 N. Y. Supp. 1114. Demurrer sustained, with costs. Order affirmed, with costs. FITZSIMONS, J., concurs.

---

RANSOM, Respondent, v. WATTS, Appellant. (Supreme Court, Appellate Division,

Third Department. July 7, 1896.) Action by John P. M. Ransom against George Watts. No opinion. Judgment affirmed, with costs.

RANSOM, Respondent, v. WATTS, Appellant. (Supreme Court, Appellate Division, Third Department. September 14, 1896.) Action by John P. Ransom against George Watts. No opinion. Motion for reargument denied. For decision on appeal see Ransom v. Watts, supra.

---

SALT SPRINGS NAT. BANK v. CRABTREE'S EX'RS. (Supreme Court, Appellate Division, Fourth Department. July 29, 1896.) Petition by the Salt Springs National Bank against the executors of William Crabtree, deceased, and also a petition by the said executors for a judicial settlement of their accounts. The two matters were consolidated.

WARD, J. This is an appeal by John Crabtree, one of the executors, and a legatee under the will, of William Crabtree, deceased, from portions of a decree of the surrogate's court of Onondaga county settling the accounts of the executors of the deceased. The only interest the appellant has in the property of the deceased arises out of a bequest to him of an undivided one-half interest in certain tools and machinery in connection with a stone yard and stone business which had been carried on by the deceased. The will of the deceased made his personal property primarily liable for the payment of his debts. The record before us discloses that the personal property of the deceased amounted to about $31,000, and that there had been properly expended upon debts and expenses about $21,000, leaving in the hands of the executors for the payment of debts about $10,000, and there are still debts due and unpaid that are valid, amounting to about $18,000. Allowing a fair valuation of the property bequeathed to the appellant, there would still remain a deficiency of personal property for the payment of the debts to an amount exceeding $5,000. The residuary legatees, by a writing filed with the surrogate, expressed satisfaction with the result of the accounting, and do not appeal. None of the creditors appeal, but one of the principal creditors, the Salt Springs National Bank, asks an affirmance of the surrogate's decree. The items which the appellant claims should be added to the liability of the executors to apply in payment of debts amount to less than $1,300, and, if all are allowed as the appellant claims, it would not benefit him in the least. No reversible error appears in the ruling of the surrogate in regard to the reception or the rejection of evidence, and the decree of the surrogate appealed from should be affirmed, with one bill of costs to the respondents to be paid out of the estate. All concur.

---

SCHUSTER v. GANZENMULLER.[1] (City Court of New York, General Term. June 30, 1896.) Action by Frederick Schuster against August Ganzenmuller. John Fennel, for appellant. L. J. Morrison, for respondent.

VAN WYCK, C. J. The plaintiff, a broker, sues for commissions on sale of real estate.

[1] Reversed. 40 N. Y. Supp. 1116.