STAPLETON, Respondent, v. CITY OF NEWBURGH, Appellant. (Supreme Court, Appellate Division, Second Department. March 9, 1897.) Action by Mary C. Stapleton against the city of Newburgh. No opinion. Motion denied. See 41 N. Y. Supp. 96.

STEINERT, Appellant, v. SOBEY, Respondent. (Supreme Court, Appellate Division, Second Department. April 6, 1897.) Action by Joseph Steinert, Jr., against William H. Sobey. No opinion. Motion for leave to appeal to the court of appeals granted. See 44 N. Y. Supp. 132.

STEVENSON, Respondent, v. WATERLOO WATER CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Charles P. Stevenson against the Waterloo Water Company. No opinion. Judgment and order affirmed, with costs.

STIEGLITZ, Respondent, v. BELDING, Appellant. (City Court of New York, General Term. April 1, 1897.) Action by Louis Stieglitz against Milo M. Belding, Jr. Lexow, Mackellar & Wells, for appellant. Cardoza & Nathan, for respondent.

FITZSIMONS, P. J. The demurrer was properly sustained. Knorr v. Bates, 12 Misc. Rep. 396, 33 N. Y. Supp. 691; Id., 14 Misc. Rep. 501, 35 N. Y. Supp. 1060; Ralli v. Hillyer, 15 Misc. Rep. 692, 40 N. Y. Supp. 1148. The order and judgment appealed from are therefore affirmed, with costs to the respondent.

THOMPSON v. BUFFALO R. CO. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Margaret E. Thompson, as administratrix, etc., against the Buffalo Railroad Company. No opinion. Plaintiff's exceptions overruled, with costs, and motion for a new trial denied, and judgment ordered in favor of the defendant, dismissing plaintiff's complaint, with costs.

THOMPSON, Appellant, v. CHILD, Respondent. (City Court of New York, General Term. February 23, 1897.) Action by J. Walter Thompson against Henry E. Child. H. C. Bryan, for appellant. Duncan Edwards, for respondent.

VAN WYCK, C. J. The action is for the price of defendant's advertisements inserted by plaintiff in Life, and the only exception in the case is by plaintiff to the refusal of his request to direct a verdict for him. The defense, by allegation and proof, was that the advertisements had been published in Life by one Hanlenbeck, as principal, under an order given to him by defendant, and that Hanlenbeck had paid to the Life Company for the same $480, and had submitted bills for same, receipted by the Life Company, to defendant. Plaintiff's contention was that this order was received by Hanlenbeck as his agent. It appears that Hanlenbeck had for several years received orders for such publications from defendant, and then turned them over to plaintiff, who had had them so published in Life; giving to Hallenbeck one-third of the sums so paid by defendant, as his part of the profit. Defendant's contention was that these orders were given to Hanlenbeck as principal; had been paid for by him, and the receipted bills presented to defendant, and payment thereof demanded of him by Hanlenbeck. The proof certainly raised the only question which was litigated at trial,—that is, whether the orders were given to and received by Hanlenbeck as principal, or as plaintiff's agent,—and justified the jury's finding that defendant was liable to Hanlenbeck, and not to plaintiff, for the claim. Judgment and order affirmed, with costs.

THOUSAND ISLAND PARK ASS'N, Respondent, v. GRIDLEY, Appellant. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by the Thousand Island Park Association against Helen M. Gridley. No opinion. Judgment affirmed, with costs.