# GEORGE W. HURST and JAMES COBURN, Respondents, v. ELISHA C. LITCHFIELD, Appellant.

*Agreement to submit to arbitration—Bar—Complaint—Common counts.*

An agreement in a written contract for building, that, in case any question arose under the contract between the parties in relation to the value of the work performed, it should be referred to and determined by the architect, is not such an one as will change the rights of the parties to apply to Courts of Justice for redress.

Such stipulations are regarded as against the policy of the Common Law, as having a tendency to exclude the jurisdiction of the Courts established, etc., and provided with the means to entertain and decide legal controversies.

When the contract has been fully performed, and nothing remains to be done but to pay over the money, an action on the common counts can be maintained.

This action was brought to recover for work and labor performed by the Plaintiffs, as carpenters, in erecting an addition to the dwelling-house of the Defendant, and repairing the same. The Referee found in favor of the Plaintiffs $220.35, upon which judgment was entered, and the Defendant appealed to the General Term of the Supreme Court, where the judgment was affirmed, and from which the Defendant has appealed to this Court.

The Plaintiffs entered into a written agreement to do all the carpenters and joiners' work in the erection and completion of an addition to the dwelling-house of the Defendant, in the village of Cazenovia, according to plans and drawings made and to be made by N. H. White, the architect, and according to directions given from time to time; the Defendant to furnish materials, etc., and to pay the Plaintiffs $1,480 therefor.

The Defendant reserved the right to modify or change the building without in any way violating the contract, and the Plaintiffs agreed to carry the same into effect, and, if the change should be more expensive than the plans, the Defendant was to pay the difference, and if less, the amount was to be deducted.

The agreement contained the following stipulation : " And it is

understood by the parties hereto, that in case any question arises under this contract in relation to the work, both as to value of work added or deducted, the same shall be adjusted by the aforementioned architect, and his decision shall be binding on both parties, and be final." No question is made but the building was completed according to the contract. The Defendant admitted that the work was done named in the bill of particulars produced by the Plaintiffs to Court, and marked " Plaintiffs' Exhibit B," but denied the value of the services, and reserved the right to object to the value of the services when proof of value was offered.

It was admitted upon the trial that the Plaintiffs had been paid $1,530 toward the work.

After the Plaintiffs had rested, the Defendant's counsel moved that the Plaintiffs be nonsuited and their complaint dismissed, upon the ground that the adjustment and settlement of the value of the work was a condition precedent to Plaintiffs' right to sue and recover for the same. That such adjustment not having been made by the architect, no cause of action had accrued to the Plaintiffs at the time the action was commenced, and has not yet accrued, and therefore the action could not be maintained, which motion was denied by the Referee, and to which Defendant's counsel excepted. And after the evidence was closed the Defendant's counsel insisted before said Referee that Plaintiffs were not entitled to recover under the complaint, the counts being general upon a quantum meruit and not upon the special agreement; and what was called extra work was as much within the written agreement as any other portion of the work, the price or value to be adjusted by the architect, and, when so settled, the Plaintiffs were bound to bring their action for its recovery upon the special agreement, and could not recover under the complaint, and that the complaint should be dismissed, etc.

The Referee found, among other things, as matter of fact, that the demand of payment of said claim had been made before the commencement of this action by the Plaintiffs of the Defendants. The Referee further found, that, as a question of fact, no question ever arose under this contract between the parties in relation to

the value of the work added, and he found that the Plaintiffs were entitled to recover, on account of said claim unpaid, $220.35.

*Wm. J. Hough* for Appellant.

*Geo. W. Gray* for Respondent.

MASON, J.—The Referee having found that no question ever arose under this contract between the parties in relation to the value of the work, and there being evidence in the case to sustain such finding, we must receive the finding of the Referee as conclusive upon this Court as to this fact. The objection, therefore, that this action cannot be maintained because this matter had not been submitted to the architect, and his adjustment procured, is not well taken.

There is, however, another answer to this objection. This agreement to submit this matter to the decision and adjustment of Mr. White constitutes no bar or defence to this action ; in the first place, the agreement itself does not make this a condition precedent. Such stipulations are regarded as against the policy of the common law, as having a tendency to exclude the jurisdiction of the Courts provided by the government with ample means to entertain and decide all legal controversies. (Scott *v.* Avery, 5 House of Lords cases, 811 ; Horton *v.* Sayer, 4 Hurlst. & Norm. 643 ; Thompson *v.* Charnock, 8 Term, 139 ; Greason *v.* Keteltas, 17 N. Y. 491, 496.)

These stipulations are often in articles of copartnership, and the law is well settled that they do not deprive the party of his action, either at law or in equity, to enforce his rights. It is well settled that Courts of Equity will never entertain a suit to compel parties specifically to perform such agreements. (Gourlay *v.* Duke of Somerset, 19 Ves. 431 ; Agar. *v.* Macklew, 2 Sim. & Stu. 418 ; Greason *v.* Keteltas, 17 N. Y. 496.)

Gow says that one partner may maintain an action at law against his copartner, notwithstanding it has been agreed between them that the matter in dispute shall be determined by an arbitration, because a mere agreement to submit cannot oust the Superior Courts of their jurisdiction. (Gow on Partnerships, 103,

citing Kill v. Hollister, 1 Wils. 129; Thompson v. Charnock, 8 Term, 139.)

These cases fully sustain the text, and in the latter case Lord KENYON, Ch.J., said: "It is not necessary now to say how this point ought to be determined if it were res integra, it having been decided again and again that an agreement to refer all matters in difference to arbitration, is not sufficient to oust the Courts of Law and Equity of their jurisdiction."

In the case of Kill v. Hollister there was a stipulation on an insurance policy to submit all difference, etc., to arbitrators, and the Court held it no bar to an action at law upon the policy brought to settle the differences. The rule is reiterated very much in the same terms by Collyer. (See §§ 250, 251, 252, 253, pp. 230, 231, 4th Am. ed. from the 2d Eng. Ed.) He concludes the discussion of the subject in § 253, in saying that such a covenant to refer disputes to arbitration is but an unprofitable covenant, affording only the shadow of relief at law, and neither substance nor shadow in equity. (Collyer on Part. 231, § 253.)

The same is affirmed in the strongest terms by Story in his Treatise on Partnerships, § 215, p. 324, 325 to 330, and also in his Equity Jurisdiction, vol. 1, p. 744, § 670. The case of Haggart v. Morgan (1 Seld. 427) holds the same, and so does Sinclair v. Tallmadge (35 Barb. 607). The rule is the same whether the arbitrator be named and agreed upon or not, as is held in several adjudged cases. Where an agreement makes the procurement of the architect's certificate a condition precedent to any right of action, then the rule is as claimed by the Defendant in this case; but such is not the agreement between these parties.

There is nothing in the objection that Plaintiffs are not entitled to recover under their complaint as framed. The contract being fully performed and completed, and the money due, the Plaintiffs, under the old rule of pleading, were entitled to recover upon the counts for work and labor, and are so under the present system. (Allen v. Patterson, 3 Seld. 476.) But the second count or cause of action stated in the complaint is quite a sufficient statement of

the Plaintiffs' cause of action.   It is a concise statement of the facts constituting the Plaintiffs' cause of action.   The judgment must be affirmed.

Judgment affirmed.

JOEL TIFFANY,
State Reporter.