PATRICK FARLEY, Respondent, *against* WILLIAM H. BROWNING, Appellant.

(Decided March 13th, 1885).

Where a party who has performed work and furnished materials under a special contract brings an action for the stipulated price without setting up the special contract, although the answer admits the allegations of the complaint that plaintiff performed certain work and furnished materials for defendant, and merely denies allegations as to value, plaintiff, in order to recover, must prove performance of the special contract on his part, and defendant may give evidence to the contrary.

APPEAL from a judgment of this court entered upon the verdict of a jury, and from an order denying a motion for a new trial.

The action was brought in the district court of the City of New York for the Seventh Judicial District, and was removed to this court. The pleadings in the district court were oral. After the removal of the cause, pursuant to an order to plead, plaintiff served a complaint, the allegations of which were as follows :

" I. That heretofore, and on and between the 24th day of February, 1882, and the 31st day of October, 1882, the plaintiff performed certain work, labor and services for the defendant in the digging and excavating of certain trenches on the north side of Sixty-third Street between Fourth and

Madison Avenues, in the City of New York, for the purpose of erecting certain houses thereon, and also furnished, at defendant's request, materials, to wit, building stone, to be used in the erection of said houses.

" II. That said materials so furnished and labor and services performed were reasonably worth the sum of twenty-two hundred dollars, which the defendant promised and agreed to pay therefor.

" III. That defendant has paid on account thereof the sum of two thousand dollars, leaving a balance due and owing plaintiff from defendant of the sum of two hundred dollars, no part of which has been paid, though duly demanded."

Defendant's answer was :

" I. He admits the 1st allegation or paragraph of said complaint as therein alleged.

" II. He denies the 2d allegation or paragraph of said complaint.

" III. He denies the 3d allegation or paragraph of said complaint."

The answer also, as a separate defense, pleaded a written contract between plaintiff and defendant for the work described in the complaint, and non-performance of it by plaintiff, and made a counter-claim for damages therefrom ; but, on motion, the matter constituting such counter-claim was stricken out as being a new defense, not interposed in the district court, which the defendant, therefore, could not add, at least without leave of the court.

At the trial the jury, under instructions stated in the opinion, found a verdict for plaintiff. A motion by defendant for a new trial was denied, and judgment for plaintiff was entered on the verdict. From the judgment and the order denying his motion for a new trial, defendant appealed.

*J. C. Julius Langbein,* for appellant.

*Edward P. Wilder,* for respondent.

Farley *v.* Browning.

VAN HOESEN, J.—The error in the charge of the judge was caused by a misconstruction of the pleadings. The answer does not admit that the work for which a special contract had been made had been fully performed; it merely admits that the plaintiff had done work and furnished materials for and at the request of the defendant. The judge construed, erroneously construed, the answer as making an admission that the plaintiff had done all the work that the written contract that was introduced in evidence (though it had not been mentioned in the complaint), required him to do. In consequence of this misconstruction of the pleadings, the judge fell into the error of instructing the jury " that the question to be decided is, not whether the work was done or not, but whether a promise was made. If the jury find a promise was made, the° plaintiff is entitled to a verdict."

In point of fact, the chief question in the case was, Has the plaintiff fully performed the work mentioned in the written contract ?

The plaintiff declared upon one of the common counts in assumpsit. This he had a right to do provided that he had fully completed the special contract. The rule is that indebitatus assumpsit will lie to recover the stipulated price due on a special contract, where the contract has been completely executed, so that only a duty to pay the money remains. It is essential that the plaintiff should prove that the special contract has been performed upon his part (*Jewell* v. *Schroeppel*, 4 Cow. 566 ; *Farron* v. *Sherwood*, 17 N. Y. 227 ; *Hosley* v. *Black*, 28 N. Y. 438 ; *Hurst* v. *Litchfield*, 39 N. Y. 377 ; *Higgins* v. *Newtown &c. R. R. Co.*, 66 N. Y. 605).

The plaintiff undertook to prove performance, and he offered evidence for that purpose. The defendant then offered to prove that the work had never been finished. The court ruled that he could not be allowed to show that the contract had not been performed, but notwithstanding that ruling, the defendant was afterwards permitted to give a good deal of testimony to show that the plaintiff had failed to do the work that the contract provided for. It might

Farley *v.* Browning.

perhaps be said that the action of the court in allowing the defendant to prove that the contract had not been performed, obviated the exception taken to the ruling that such proof could not be admitted, but there is still the exception taken to the instruction to the jury, that it was of no consequence whether the contract had been performed or not. This instruction was, as I have said, erroneous, and because of it the judgment must be reversed. In his note to *Cutter* v. *Powell*, in 2 Smith's Leading Cases, Mr. Wallace says : " Where there has been a special contract, the whole of which has been executed on the part of the plaintiff, and the time of payment on the other side is past, a suit may be brought on the special contract, or a general assumpsit may be maintained ; and in the last case the measure of damages will be the recompense fixed by the special contract. If, however, the special contract be open, and there be no fault or omission on the part of the defendant, indebitatus assumpsit will not lie."

The plaintiff cannot free himself from the obligation of proving his case by changing the form of his pleading. If he sues upon the special contract, he must prove performance, and so he must do if he resorts to an indebitatus assumpsit.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.