WARNER *v.* SCHOHARIE & SCHENECTADY COUNTIES FARMERS' MUT. FIRE
INS. CO.

*(Supreme Court, General Term, Third Department.    July 11, 1891.)*

MUTUAL INSURANCE—RIGHT OF POLICY-HOLDER TO SUE.

Under Laws N. Y. 1857, c. 739, § 6, which provides that, in case of a loss by fire,
the directors of a co-operative fire insurance company shall appoint a committee of
the members of the company to ascertain the amount of loss, and that, if the par-
ties fail to agree on the amount so ascertained, the claimant may appeal to the
county judge, who shall appoint three disinterested persons to make a final award,
a claimant, who is dissatisfied with the amount awarded by the committee appointed
by the directors, has no cause of action against the company until he has appealed
to the county judge.

Appeal from circuit court, Montgomery county.

Action by Phillip J. Warner against Schoharie and Schenectady Counties
Farmers' Mutual Fire Insurance Company upon an insurance certificate is-
sued by the defendant to the plaintiff for $450 on hay and grain, and $125 on
farming utensils, to run from September 7, 1889, to September 7, 1894. On
the 11th of December, 1889, the property was destroyed by fire. This action
was brought to recover the loss. At the conclusion of the testimony the de-
fendant moved upon several grounds to dismiss the complaint, for a nonsuit,
and that a verdict be directed for the defendant, all of which were denied by
the court, and the case was given to the jury, who returned a verdict for the
plaintiff for $462.50. The defendant moved to set aside the verdict upon the
minutes, upon the exceptions taken, and as against and contrary to law, which
was denied by the court. From said order denying a new trial, and from said
judgment, defendant appeals.

Argued before LEARNED, P. J., and MAYHAM, J.

*Hobert Krum,* for appellant.  *George B. White,* for respondent.

MAYHAM, J.  The appellant is a co-operative fire insurance association, in-
corporated under and by virtue of chapter 155 of the Laws of 1868, for the
purpose of insuring farm buildings and property in the counties of Schoharie
and Schenectady. On the 7th of September, 1889, the respondent applied in
writing for an insurance certificate upon the property described in his appli-
cation, and on that day a certificate of insurance was issued to him on the
same. The signing of an application for insurance was by the by-laws con-
strued to be a signing of the constitution and by-laws, within the meaning of
section 6 of chapter 155 of the Laws of 1868, under which the company was
incorporated, and constituted the applicant a member of the company. On
the same day a certificate or policy of insurance was issued to the applicant on
the property for the alleged destruction of which by fire this action was
brought. On the 11th of December, 1889, the property was destroyed by fire.
The respondent, by his application, signed by him, and by virtue of which he
became a member of the association, agreed to be bound by the constitution
and by-laws of the same, and obligated himself, his heirs and assigns, to pay
his *pro rata* share to the company of all loss by fire which might be sustained
by any member thereof. On the next day after the loss the respondent noti-
fied appellant's agent of the same, and requested him to notify the company's
secretary, which he did on the 13th of the same month; and on Monday, the
16th, the appellant's secretary and agent, both of whom were directors of the
association, met at the place where the loss occurred, and informally examined
the property, and discussed the subject of the loss, but reached no agreement
in relation to the same; the secretary then informing respondent that he would
have to make proofs of loss, and have them at the next regular meeting of the
association. On the 7th of January, at the regular monthly meeting of the
board of directors, which was also the annual meeting for making assessments,
the plaintiff presented his proofs of loss, which were objected to as informal,

and plaintiff was requested to take them back, and present them at the meeting·in February, which he did, with the apparent acquiescence of the company or its officers.    It is quite apparent that any irregularity which may have existed in the proofs of loss was waived by the association.    But it is insisted by the appellant that the plaintiff has not adopted the proper method for ascertaining the amount of loss, and that no action will lie on this certificate until the plaintiff has adopted the methods prescribed by the by-laws, the act of incorporation, and section 6, c. 739, Laws 1857, which is made applicable to this association for the purpose of adjusting losses.    Section 7, c. 155, Laws 1868, by which this association is created, provides that "the mode of proceeding in case of a loss by fire by the corporation hereby created, to ascertain the amount of loss sustained, shall be as specified in sections 6, 7, c. 730, Laws 1857."    Section 6 of that act provides that "the directors shall appoint a committee of not less than three or more than five members of such company to ascertain the amount of such loss; and, in case of the inability of the parties to agree upon the amount of such damages, the claimant may appeal to the county judge of such county, whose duty it shall be to appoint three disinterested persons a committee of reference, who shall have full authority to examine witnesses to determine all matters, who shall make their award in writing to the president, or, in his absence, to the secretary of the company, which award thereon shall be final."    This section further provides the manner of the payment of the expenses of such appeal.    And section 7 provides the method of assessing and collecting the same from the members of the association.    This case discloses that the association, at its meeting on the 7th of January, appointed a committee of five members of the association, who assumed to act, and make their estimate of the loss, and a resolution was adopted by them fixing the amount of the loss at $250, which was reported to the directors, and by them directed to be communicated to the plaintiff, and the same was communicated to him, and at a subsequent meeting of the directors plaintiff informed them that he declined to accept that amount.    These facts were reported at the next meeting.    It is insisted by the appellant that, upon these facts, it was the duty of the plaintiff, if he was dissatisfied with the amount reported by the committee of five, to appeal to the county judge of Schenectady county for the appointment of a committee of reference, as provided in section 6, c. 739, Laws 1857.

There was no express agreement in the certificate or policy by the association to pay this loss or any loss.    The obligation of the company to pay losses arises out of the act under which it was incorporated, the articles of incorporation, the constitution and by-laws adopted by it, the application for insurance, and the certificate; all of these must be read and construed together, and they as a whole constitute the contract, and create the obligations of the association to pay losses.    The plaintiff being a member of this asssociation, he and the association are alike bound by the law of its being, and the constitution and by-laws established for its government; and its liability to its members, and between it and them, must arise out of the charter, constitution, by-laws, application, and policy.    By its charter, (chapter 155, Laws 1868,) the association is required to pursue the method prescribed by section 6, c. 739, Laws 1857.    This provision of the charter is binding upon the assured as a member of the association, as well as upon the association, and prescribes the course of procedure in case of disagreement as to the amount of loss.    The association pursued substantially the prescribed course, by the appointment of a committee of five members to ascertain the loss.    The plaintiff disagreed with the committee as to the amount, and refused to accept their award.    It is true that that award was not binding upon the plaintiff, but, on his refusal or failure to agree to that amount, the statute above referred to provided a method of appeal to the county judge, and this appeal

constituted a tribunal agreed upon by the parties, and forming a part of the contract itself, for the settlement of this difference. If the association had consented to any other method of adjustment, their act and agreement would have been *ultra vires*, and would not have bound the members of the association, or authorized any assessment upon the members for the collection of the assessment for the payment of the loss. A corporation is bound by its charter, and can act only as authorized by it. *Jemison* v. *Bank*, 122 N. Y. 135, 25 N. E. Rep. 264; *Abbott* v. *Railroad Co.*, 80 N. Y. 27. Nor could the plaintiff ignore or disregard this provision of the statute. He was a party to this contract of insurance, and as such was required to follow its requirements, and be governed by its provisions. He was bound by the provisions of section 6, c. 739, Laws 1857, which, when he became a member of the association, was a part of the contract by which he had consented to be governed. He was bound by the provisions of the charter and the by-laws to which he had subscribed as a member of the association. In *Jemison* v. *Bank, supra,* the court says: "Corporations are artificial creations existing by virtue of some statute, and organized for the purposes designed in their charter. A person dealing with a corporation is chargeable with notice of its powers, and the purposes for which it was formed. A corporation necessarily carries its charter wherever it goes, for that is the law of its existence. It follows that the plaintiff must have known or is chargeable with knowledge of the corporate powers of the defendant."

This rule applies with peculiar force to a case like the one at bar. Here the plaintiff was a member of the corporation, and as such had obligated himself to be governed by its rules and by-laws, and to seek indemnity for his loss, in accordance with their provisions. In *Poultney* v. *Bachman*, 31 Hun, 51, it was held that, where the charter and by-laws provided for an appeal from the decision of a lodge of Odd Fellows to the grand lodge of the same order, in determining a liability of the lodge to a member for benefits, no action would lie until the member had adopted that remedy; and although the grand lodge was not a tribunal known to the law, nor one invested with power to enforce its orders or decisions, yet the court held that the plaintiff must resort to it, before he could claim that the lodge had violated its duty to pay. In other words, it was in the nature of a condition precedent to his right to maintain an action, and the court in that case says: "Without discussing the question whether or not the decision of the highest appellate tribunal of the society is conclusive, we are of the opinion that the contract into which the plaintiff entered requires him to seek redress within the society itself by carrying the question to the highest tribunal; for it is evident that every part of the constitution and by-laws entered into his contract, and are to be considered therewith." In that case it is true that the appellate tribunal was not one established by law, and was only created by the contract; while in this the legislature, by the acts of incorporation, created the tribunal to which the plaintiff might appeal, and made the decision of that tribunal final, as to the amount of the loss. It seems, therefore, that, the plaintiff having prosecuted this action without first resorting to the appeal given by the charter, his action is prematurely brought; and, the defendant having raised this question on the trial in his motion for nonsuit, it was error for the learned trial judge to deny the defendant's motion, and allow the case to go to the jury, and for that reason the judgment should be reversed. Judgment reversed, and a new trial ordered, costs to abide the event.