Adele N. Sanford, Respondent, *v.* The Commercial Travelers' Mutual Accident Association of America, Appellant.

1. Covenant to Submit Differences. A general covenant to submit any differences that may arise in the performance of a contract, or under an executory agreement, is a nullity.

2. Insurance — Agreement to Refer. An agreement, in a certificate of life insurance issued by an accident association of this state, that the issues in any action brought against the association under the certificate should, on the demand of the association or its attorney, "be referred for trial to a referee to be appointed by the court," *held*, to be against public policy, and so, not binding upon the parties thereto.

Reported below, 86 Hun, 380.

(Argued October 21, 1895; decided October 29, 1895.)

Appeal from order of the General Term of the Supreme Court in the fourth judicial department, made February 5, 1895, which reversed an order of the Special Term directing a reference to hear and determine, and denied a motion for such reference.

The action was brought upon a certificate of membership issued by the defendant, a mutual accident association, to recover the amount made payable, by the terms thereof, to the plaintiff, as beneficiary, upon the death of the member by accident.

The facts, so far as material, are stated in the opinion.

*M. W. Van Auken* for appellant. In civil proceedings a party may waive either statutory or constitutional rights. (*In re N. Y., L. & W. R. R. Co.*, 98 N. Y. 454; *Embury* v. *Connor*, 3 Y. 511; *People* v. *Quigg*, 59 N. Y. 83; *In re Cooper*, 93 N. Y. 507; *Lee* v. *Tillotson*, 24 Wend. 337; *Keator* v. *N. & D. P. R. Co.*, 7 How. Pr. 41.) Plaintiff cannot claim the benefit of a part of the agreement and repudiate the rest. (*Palmer* v. *C. T. M. A. of A.*, 25 N. Y. S. R. 243; 127 N. Y. 678; *In re N. Y., L. & W. R. R. Co.*, 98 N. Y. 454.) This stipula-

tion is not unconscionable or unreasonable. (*Gilligan* v. *C. Ins. Co.*, 20 Hun, 93; 87 N. Y. 626; *Gallagher* v. *C. & T. S. R. R. Co.*, 13 N. Y. S. R. 80; *Rozen* v. *D. D., etc., R. R. Co.*, 7 Misc. Rep. 132; *Dougherty* v. *M. L. Ins. Co.*, 87 Hun, 17; *Greve* v. *A. L. S. Ins. Co.*, 81 Hun, 29.) This stipulation does not contravene public policy. (*Greve* v. *A. L. S. Ins. Co.*, 81 Hun, 29; *Dougherty* v. *M. L. S. Co.*, 87 Hun, 17; Code Civ. Pro. §§ 968, 1009, 1013; *MacKellar* v. *Rogers*, 109 N. Y. 472; *Baird* v. *Mayor, etc.*, 74 N. Y. 382; *Saunders* v. *Hoffman*, 64 N. Y. 248; *Thurston* v. *Fairman*, 9 Hun, 584; *Marsh* v. *Russell*, 66 N. Y. 288; *Barnes* v. *Brown*, 80 N. Y. 527; *Wellington* v. *Kelly*, 84 N. Y. 543; *Hard* v. *Seeley*, 47 Barb. 428; *Rozen* v. *D. D., E. B. & B. R. Co.*, 7 Misc. Rep. 130.) The law will not presume an agreement void, as illegal or against public policy, when it is capable of a construction which will make it valid. (*Curtis* v. *Gokey*, 68 N. Y. 300; *Ormes* v. *Dauchy*, 82 N. Y. 443; *Lorillard* v. *Clyde*, 86 N. Y. 384; *Lorillard* v. *Clyde*, 99 N. Y. 201; *In re Smith*, 19 N. Y. S. R. 570; *Richardson* v. *Mellish*, 2 Bing. 229; *D. M. Co.* v. *Roeber*, 106 N. Y. 473.) The distinction between a reference and an arbitration should be kept in mind. (*D. & H. C. Co.* v. *P. C. Co.*, 50 N. Y. 250; *Seward* v. *City of Rochester*, 109 N. Y. 168.)

*F. H. Kellogg* for respondent. The condition, if upheld, would deprive the plaintiff of her right to a trial by a jury, a constitutional right, and it would oust the court of its jurisdiction and is against public policy. (*D. & H. C. Co.* v. *P. C. Co.*, 50 N. Y. 258; *Robinson* v. *G. Ins. Co.*, 17 Me. 134; *Trott* v. *C. Ins. Co.*, 1 Cliff. 444; *Avery* v. *Scott*, 8 W., H. & T. 496; *Nute* v. *H. Ins. Co.*, 6 Gray, 181; 2 May on Ins. [3d ed.] 1122, 1123; *G. A. Ins. Co.* v. *Etherton*, 41 N. W. Rep. 406.) The condition, if unreasonable, will not be sustained by the court. (*In re N. Y., L. & W. R. R. Co.*, 98 N. Y. 447; *Richard* v. *M. L. Ins. Co.*, 31 Mo. 518.)

GRAY, J. The certificate of insurance, to recover upon which this action was brought, contained this clause: " It is

hereby stipulated and agreed, by and between this association and the member named herein and his beneficiary, that the issues in any action brought against it under this certificate shall, on the demand of this association or its attorney, be referred for trial to a referee to be appointed by the court in which such action is brought." An order of reference of the issues in the action has been reversed at the General Term below and the motion for a reference denied; and the question is whether such an agreement is valid and binding upon the parties.

Little, if anything, can be added to the opinion of the General Term. Such a provision, if beneficial at all to the company, can only be so through superseding the law established for the trial of actions and compelling the beneficiary practically to submit an issue. That is vicious for tending to limit the court, having cognizance of the action, in its jurisdiction and for militating against the constitutional provision which secures to a party the right of trial by jury. The cases, cited in the opinion below, abundantly show that a general covenant to submit any differences that may arise in the performance of a contract, or under an executory agreement, is a nullity. In the case of *The President, etc., D. & H. Canal Co.* v. *Pennsylvania Coal Co.* (50 N. Y. 250), where that proposition was so stated, Judge ALLEN, in his opinion, was inclined to question the rule if *res nova;* but he regarded it as too well established to be now questioned. The rule, in its application to such a case as this, seems to me, however, to be well supported by reason. The defendant is a corporation which owes its existence to the laws of this state and to which has been granted the right to do the business of insuring the lives of individuals. The dictates of a sound public policy would seem to require that its contracts of insurance, while providing every wise and reasonable restriction, should not compel the individual who seeks to insure his life, to submit, as a condition of obtaining that insurance, to conditions which are in violation of constitutional rights. Such a provision in the policy has no reasonable relation to the contract of insur-

ance.  Its insertion is unnecessary to the protection of the
insurance company and may be regarded, therefore, as an
unimportant provision.  I think we may safely base the
reason for the application of this rule upon the proposition
that public policy is opposed to the enforcement of an agree-
ment, which supersedes the law and deprives the individual
of the protection which it was designed and framed to afford.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.