city of New York with regard to this subject. Nor can the law referred to be taken as repealed by implication, because not fully embodied in the general lien law of 1897. Laws 1897, c. 418, § 20. That statute contains a schedule of the laws thereby repealed, of which the former act is not one, and we have, therefore, an expression of the legislative intent not to repeal such act. People v. Koenig, 9 App. Div. 438, 41 N. Y. Supp. 283. Repeals by implication are not favored, and, failing an apparent intent of repeal by the later act, the earlier must be deemed in force, unless manifestly inconsistent with or repugnant to the later. Id. Here the two acts are not necessarily inconsistent, since the lien law of 1897, § 20, while setting forth the methods whereby a municipal lien may be discharged, does not express these methods to be exclusive of others which might exist by law, and the statute of 1898 may be read with such law, as providing an additional method of discharge.

---

SPINK v. CO-OPERATIVE FIRE INS. CO. OF WYOMING AND GENE-
SEE COUNTIES.

(Supreme Court, Appellate Division, Fourth Department. February 6, 1898.)

1. INSURANCE—CO-OPERATIVE ASSOCIATION—ADJUSTMENT OF LOSS—CONCLUSIVE-
NESS OF AWARD.
   Where the holder of a policy in a co-operative fire insurance association, under its requirements, submitted the determination of the amount of his loss to its adjusters, and thereafter to the executive committee, on appeal, he was bound by the award of such body, in the absence of a showing of fraud, mistake, or misconduct on the part thereof, or of some other equitable ground for an application to the courts.

2. SAME—ADJUSTMENT BY MEMBERS OF ASSOCIATION—DISQUALIFICATION BY
INTEREST.
   Under section 267 of the insurance law, providing that every policy holder of a co-operative insurance company shall, on sustaining a loss, immediately notify the president or secretary thereof, and the officers of the corporation shall at once adjust such loss in the manner provided by the charter and by-laws, a stipulation in the policy requiring the submission of such loss to the adjusters, and, on appeal, to the executive committee, was not void, as against public policy, because the members of such board and committee were themselves liable to an assessment for such loss.

3. SAME—NEW TRIAL—INSUFFICIENT COMPLAINT.
   On an appeal from an order directing a judgment to be entered dismissing plaintiff's complaint, in an action on policy of a co-operative insurance company, brought in hostility to an award of the adjusting board of such company, a new trial should not be granted to permit plaintiff to recover the award, where the amount was not specified in such complaint, nor the claim presented to the trial court.

Appeal from trial term, Genesee county.

Action by Winfield S. Spink against the Co-operative Fire Insurance Company of Wyoming and Genesee Counties. From an order dismissing the complaint and the judgment entered thereon, plaintiff appeals. Affirmed.

The defendant (respondent) herein is a mutual association composed of farmers residing in Wyoming and Genesee counties, in the state of New York, incorporated as a co-operative fire insurance company, under article 9 of the insurance law, relating to town and county co-operative insurance companies.

It adopted a constitution and by-laws providing for the regulation of its affairs and the conduct of its business. All persons insured by the company became members thereof. Each member must individually carry one-third of his risk. The risks are limited, upon a single building, to $5,000. Losses are to be adjusted by three directors, one of whom shall be the director of the town within whose jurisdiction the loss occurred. Upon the completion of the adjustment, the adjusting committee report to the secretary of the corporation the result they have reached, giving an itemized account of the property lost or damaged, and the adjusted valuation of each item, together with such other information as in their judgment the circumstances of the case may require. Provisions are made for the payment of this loss out of the treasury of the corporation, if sufficient funds exist there. If not, an assessment is made upon all the members of the corporation, including the claimant. "In case of dissatisfaction on the part of the losers with the action of the adjusting committee in adjusting any loss, an appeal may be taken to the executive committee, who shall proceed to make such an examination of the case as in their judgment the circumstances may require, and their decision shall be final. Any appeal shall be made within five days from the date of the adjustment." This executive committee consists of the president, secretary, and three members of the company elected by the board of directors. On the 2d day of July, 1895, the defendant issued its policy, No. 508, to the plaintiff. The policy, as required by section 266 of the insurance law, had attached to it a printed copy of its by-laws and regulations, and also the constitution of the company, and was made and accepted by the plaintiff subject to, and with reference to, the constitution, by-laws, and regulations; and the plaintiff, in his application for the insurance, agreed to be bound thereby. The by-laws contained the provisions as to the adjustment and the payment of losses, and appeals, above referred to. The policy insured the plaintiff's dwelling house and barns, and farm produce, clothing, and furniture, in the sum of $5,450. On the 16th of August, 1896, one of the barns, with the produce therein, with farming utensils, was destroyed by fire, and the dwelling house and other property damaged thereby. The complaint in the action set forth the fact of the insurance, the loss, a copy of the policy, which included the constitution and by-laws of the company; and the seventh subdivision of the complaint is as follows: "The plaintiff duly fulfilled all of the conditions of said insurance on his part as in said contract or certificate of insurance required to be fulfilled and performed by him. That immediately after said fire, and on the 17th day of August, 1896, this plaintiff duly notified the president of the defendant of such fire and loss, and did soon thereafter prepare and deliver to the board of adjusters of the defendant a written statement of the personal property lost and destroyed by such fire, giving the amount and value of each article, and also such other matters as were necessary to enable the adjusting committee or board of adjusters aforesaid to make a proper adjustment of such loss, which said statement, so prepared and delivered as aforesaid, was duly verified by this plaintiff, and presented to such adjusting committee or board of adjusters, in the manner as required by said certificate of insurance. The plaintiff further alleges that thereafter, and on or about the 24th day of August, 1896, said board of adjusters made an adjustment of such loss as aforesaid, which was unsatisfactory to this plaintiff, and he, being dissatisfied therewith, duly took an appeal therefrom to the executive committee of said defendant, as permitted and provided by said certificate of insurance, which said executive committee on or about the middle of September, 1896, proceeded to make an examination of the case, as provided by section 39 of the constitution and by-laws of said defendant, indorsed upon the back of said certificate, and that on or about the date last aforesaid the said executive committee rendered a decision upon said appeal which is and was entirely unsatisfactory to this plaintiff." The plaintiff further alleges that the actual value of the property destroyed and damaged was $5,000; that the time had elapsed, required by the policy for the payment thereof after due notice and demand of payment of the loss by the plaintiff in conformity with the by-laws and conditions annexed to his certificate of insurance, which payment had been refused; and judgment is demanded for $3,333.33, with interest. The defendant answered, denying the value of the property lost, and damages, as claimed by the plaintiff; admitting the issuing of the policy, and the loss

by fire, and the facts set up in subdivision 7 of the complaint; but alleged that the plaintiff had made false statements, in his application, as to the cost and value of the property insured. But neither the complaint nor the answer allege the amount that the adjusting committee awarded to the plaintiff for his loss. Upon the trial the defendant's counsel moved to dismiss the plaintiff's complaint upon the pleadings, upon various grounds, among which was that, upon the facts alleged in the complaint, it failed to state a cause of action, and that the plaintiff was bound by the determination of the adjusters as affirmed by the executive committee upon appeal, which was final and conclusive upon the plaintiff. The motion was granted. The complaint did not allege any fraud or mistake, or undervaluation of the property, or any misconduct on the part of the adjusting committee or the executive committee; nor did the complaint demand that the award of the adjusters be vacated.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

O. P. Stockwell, for appellant.

Clarence H. Bean, for respondent.

WARD, J. The position of the appellant upon this review is that the agreement to submit the adjustment of the loss by fire under the insurance policy to the adjusting committee of the insurance company, and to exercise the right of appeal from the adjustment to the executive committee, did not oust the court of jurisdiction to determine the amount of the loss in an action; that the agreement was void, as against public policy. And he relies upon Hurst v. Litchfield, 39 N. Y. 377; President, etc., of Delaware & H. Canal Co. v. Pennsylvania Coal Co., 50 N. Y. 250; Sanford v. Association, 86 Hun, 380, 33 N. Y. Supp. 512; Id., 147 N. Y. 326, 41 N. E. 694; Seward v. City of Rochester, 109 N. Y. 164, 16 N. E. 348; and kindred cases,—to support this position. In the Hurst Case there was a stipulation in a building contract that, in case any question arose under it in relation to the work, —as to the value of the work,—the same should be adjusted by an architect, whose decision should be binding upon both parties. This provision was held to be void, as having a tendency to exclude the jurisdiction of the court. There were other questions in the case. In the Delaware & H. Canal Co. Case there was an agreement to submit to two persons (in case of a disagreement of the parties) the cost of transportation of coal, and, if these persons could not agree, they should select an umpire. It was held that no cause of action existed until this submission was made, but the principle was asserted that a general covenant to submit any differences that might arise in the performance of the contract would be a nullity; and, in commenting upon the Hurst Case, the court says that the statement, in that case, that the agreement to abide by the decision of the architect was void, was obiter. The Hurst Case has not been followed in this state, but, on the contrary, it has been settled by a long line of authorities that an agreement is valid, and will be enforced, which provides that a special matter arising in the performance of a contract, such as the value of services, the loss under an insurance policy, whether work under a building contract is in conformity with the same, may be submitted to the decision of arbitrators, architects, or other persons, for determination, and no cause of action arises on the contract until this is done, or until an effort is fairly made by the complaining party to have it

done.   Austin v. Searing, 16 N. Y. 112; Warner v. Insurance Co. (Sup.) 15 N. Y. Supp. 972; Sweet v. Morrison, 116 N. Y. 19, 34, 22 N. E. 276; Perkins v. Giles, 50 N. Y. 228; O'Brien v. City of New York, 139 N. Y. 543, 35 N. E. 323.   It follows that when the reference or arbitration is complete, and a result reached or an award made by the arbitrators or other persons, it is binding upon all of the parties to the contract, and will be enforced, unless it is set aside for fraud, mistake, or misconduct on the part of the arbitrators, or for such other reason as equity recognizes as sufficient for that purpose.   Sweet v. Morrison, supra, at page 27, 116 N. Y., and page 280, 22 N. E., and cases cited.   In the case before us the only question submitted to the board of adjusters or the executive committee on appeal was the extent of the loss of the plaintiff against which he was insured.   The plaintiff submitted to the jurisdiction of the adjusters, and to the executive committee on appeal, this question of the loss.   This appears in his complaint.   No reason is given in the complaint why the plaintiff should not abide by the decision of these bodies that he had stipulated to submit the question to, except that he is dissatisfied with the amount of the award that has been made for his loss.   No fraud or misconduct on the part of these committees or boards of the association is alleged in the complaint, and the theory of the plaintiff's case seems to have been that he could subject the association to the expense and trouble of this arbitration and the appeal, and that, if he was not satisfied with the result, he could go to the courts for redress, or for another determination of the amount of his loss; repudiating his contract in this regard, and all that had been done under it.   This position cannot be sustained.   The true rule and distinction appears in Delaware & H. Canal Co. v. Pennsylvania Coal Co., supra; and that case has been approved, and the distinction recognized, in Seward v. City of Rochester, supra, Sanford v. Association, 147 N. Y. 328, 41 N. E. 694, and many other cases.

But the appellant contends, also, that the stipulation as to the loss which we have been considering in this case is void as against public policy, because the adjusters are officers in and members of the defendant corporation, and are liable to assessment for any loss that may be sustained under the plaintiff's insurance policy, and have a pecuniary interest in adjusting the loss as low as possible.   Article 15 of the constitution of the corporation provides that no policy shall be issued by the company until application for insurance has been made to the amount of $100,000 in each of the counties of Wyoming and Genesee. The members of the adjusting or executive committee, under the conditions of its association, could have but slight pecuniary interest in acting unfairly, or in violation of their duty, in adjusting the loss. The plaintiff made his contract in this regard with full knowledge of the pecuniary interest of the members of the tribunals who were to pass upon his loss.   Judge Vann says in Sweet v. Morrison, supra, at page 27, 116 N. Y., and page 278, 22 N. E.:

"Neither natural nor legal disabilities hinder a person from being an arbitrator, provided the fact is known to the parties at the time of the submission. Still, as he is the agent of both parties alike, and impartiality is the fundamental requisite, the courts closely scrutinize the action of an arbitrator, whose relation

to one of the parties was such as to naturally influence the judgment even of an honest man;" citing Morse, Arb. 99, and Russ. Arb. 105.

As we have said, the integrity and fairness of these committees have in no manner been impeached or attacked in the complaint. A conclusive answer to this contention is that this method of adjusting the loss is authorized by statute. Section 267 of the insurance law provides that:

"Every policy holder sustaining a loss or damage for any cause specified in the policy shall immediately notify the president or secretary of the corporation of such loss or damage, and the officers of the corporation shall at once proceed to ascertain and adjust such loss or damage in the manner provided by the charter and by-laws and the provisions of this article."

The statute recognizes the power of a corporation to create by-laws to govern its business affairs, and directs, in section 266, that a printed copy of the by-laws shall be attached to each policy issued. The logic of the appellant's position in this regard would lead to the exclusion of a taxpayer from a jury upon the trial of a case which would involve taxation upon him to pay the verdict that he might render, for it can be said that he has a pecuniary interest in the case before him. The cases cited by the learned counsel to sustain this position we have consulted, but they fail to do so.

It was suggested upon the argument of this appeal that, under the complaint as it stands, the plaintiff, upon a new trial, could be permitted to recover the amount of his loss as fixed by the adjusters, and therefore we should not affirm this judgment, but should grant a new trial. The difficulty with this view lies in the fact that the complaint does not ask for this relief, but repudiates the award of the adjusting board, and brings this action in hostility to it. The pleadings do not inform us even of the amount fixed by the adjusters as the plaintiff's loss; nor was this claim presented to the trial court. Had the plaintiff done so, that court might have permitted a recovery for the amount of the loss as adjusted, with interest, and an amendment of the pleadings, if necessary, to show the amount of the adjustment. We think the plaintiff should stand or fall by his own theory of the action, and that the judgment and order appealed from should be affirmed, with costs. All concur.