MANHATTAN ROOFING CO., INC., Appellant, v. WILLIAM HAGEDORN, Respondent.

(Supreme Court, Appellate Term, First Department, March, 1920.)

Contracts — terms of — actions — evidence — guaranty — trial.

Where the evidence in an action to recover for work, labor and services and material furnished in putting roofs on buildings owned by defendant shows that there was some contract made with the defendant, the plaintiff is not entitled to recover unless proof is made of all the terms of the contract and plaintiff's compliance therewith.

It clearly appeared from the testimony of plaintiff corroborated by defendant as a witness for plaintiff that while defendant was interested only in obtaining satisfactory roofs with a written guaranty that plaintiff would maintain them for five years, he assumed that the work would be done in a proper and workmanlike manner. Held, that plaintiff as part of its affirmative case was bound to show that, whatever might have been the terms of the contract in regard to the nature of the work, it had sent a written guaranty to the defendant.

Held, further, that in the absence of proof that plaintiff had complied with its contract, the introduction in evidence of a

letter sent by plaintiff to defendant after the contract had been made, which constituted only a guaranty of the roofs described therein and which could have no force except as a part of the contract, did not prove an affirmative case.

The trial judge correctly ruled that plaintiff, having shown that there was some contract made with defendant, could not recover unless it showed all the terms of the contract and also its compliance therewith, but under a further though erroneous ruling that a proposed contract between plaintiff and a former owner of the building became the contract between the plaintiff and defendant, held that plaintiff was bound to prove the contents of its offer or estimate for the work made to the former owner, and excluded plaintiff's evidence of the work it had done until that estimate was proven. *Held*, that the terms of plaintiff's offer to the former owner were not relevant to the present action; that the terms of the contract between plaintiff and defendant were settled by their agreement and plaintiff's letter to defendant, and that the exclusion of plaintiff's evidence as to the work done by it was erroneous though the justice was led into the error by the attitude of plaintiff's counsel that plaintiff was not bound to show that it had complied with the terms set forth in its letter.

After the trial justice had so ruled and after defendant as a witness for plaintiff had testified that he saw the work being done and that it was satisfactory to him; that it was done at his request and that he agreed to pay therefor a certain amount of money, the plaintiff rested and considerable testimony, not contradicted by plaintiff, was given on behalf of defendant to show that the work had not been done in a workmanlike manner, or as set forth in plaintiff's letter. Upon reversing a judgment directed in favor of defendant and ordering a new trial, *held*, that the admissions of defendant that the work was done and was satisfactory to him did not preclude him from showing by the testimony of experts that even though the work was satisfactory to him it was not performed in accordance with the contract.

APPEAL by the plaintiff from a judgment of the City Court of the city of New York, rendered upon a direction of a verdict in favor of the defendant after a trial before a jury and from an order denying a motion for a new trial.

Strasbourger & Schallek (Max L. Schallek and Samuel Randel, of counsel), for appellant.

Carrington & Pierce (G. D. Carrington, of counsel), for respondent.

LEHMAN, J.  The complaint herein alleges "that heretofore and on and between the 6th day of March, 1919, and the 28th day of March, 1919, the plaintiff performed certain work, labor and services and furnished certain material to the defendant herein at the defendant's request, of the reasonable value of $1125." At the trial the president of the plaintiff corporation whom, for convenience, I shall hereafter refer to as the plaintiff, testified that he had had negotiations with the Rhinelander estate to put new roofs on three buildings owned by that estate. The Rhinelander estate accepted the plaintiff's offer to do the work for the sum of $1,125. Thereafter and before the work on the roofs was commenced the Rhinelander estate sold the building to this defendant. The plaintiff then called at the suggestion of the Rhinelander estate upon the defendant and stated these facts to the defendant. The defendant then stated: "I have no reason why I should not give you the job. You can go ahead." The plaintiff told the defendant what materials they were using, and how the work should be done, and the defendant stated: "I do not care what you will do, when you will give me your guarantee for five years. I know you; you can go ahead with the job, but send me your guarantee." Thereafter the plaintiff sent to the defendant a letter which reads in part as follows: "Dear Sir; We agree to furnish labor and Barrett materials for complete new plastic slate and rubberoid roofs at premises known as 2484 to 2492 Grand Concourse, corner Fordham Road, in

the City of New York, work to be done as follows: * * * '' The letter then contains a fairly complete statement of the work to be done, and concludes with these words: "Our quotation for the above mentioned work is $1,125. It being understood and agreed that for a period of five years from the date hereof we will make all repairs to the said roofs that may be made necessary by causes arising from their natural use free of cost, providing however notice of the necessity of such repairs is given us. Respectfully submitted, Manhattan Roofing Company, Per Max Tischler." At the foot of this letter is a blank form for the acceptance by the owner of the offer or estimate contained in the letter. This blank was never signed, nor was the estimate accepted in writing, but the plaintiff proceeded to put roofs on the buildings, and now claims in this action the agreed price for its work.

Both parties to the action seem to be entirely confused of the actual issues raised by the pleadings, and by the admissions at the trial. The plaintiff contended that it had made a contract through its president at the time of the first interview; that that contract was merely to put up three roofs on the buildings and give a written guaranty to maintain them for five years, and that it was not bound by the specifications contained in its letter to the defendant, because this letter was sent after the contract was made, and that it need not even show that the work was done in a proper and workmanlike manner. This contention, maintained by the plaintiff throughout the case, is obviously without merit. The plaintiff's testimony as to the making of the contract is undoubtedly substantially correct, for it was corroborated on the stand by the defendant when called by the plaintiff as its own witness; yet when that testimony is read in

connection with the surrounding circumstances, it is clear that while the defendant was interested only in obtaining satisfactory roofs for his buildings with a written guaranty for five years from a contractor in whom he had confidence, he assumed that the work would be done in substantially the same manner as the plaintiff had expected to do it for the previous owner, and when the plaintiff sent the defendant in writing its offer to perform the work in a certain manner and to guarantee the work when done, the terms of that letter became part of the contract. The plaintiff was concededly obliged to prove as part of its affirmative case that whatever may have been the terms of the contract in regard to the nature of the work, it had sent to the defendant a written guaranty. It attempted to prove this fact by the introduction in evidence of the letter hereinbefore quoted. That letter constitutes a guaranty only of the roofs described in the letter, and can have no force except as part of a contract to do the work therein described. It follows that the plaintiff did not prove its affirmative case unless it has shown that it complied with the contract.

On the other hand, the defendant maintained throughout the case that since the plaintiff had not in its complaint set forth the contract or its substance and alleged due performance thereof, it could not recover in this action upon proof of any express contract and due performance. If the plaintiff has actually fully performed its contract and the money was due, the plaintiff upon proof of these facts could undoubtedly recover under the complaint as framed herein. " There is nothing in the objection that plaintiffs are not entitled to recover under their complaint as framed, the contract being fully performed and completed, and the money due. The plaintiffs

Appellate Term, First Department, March, 1920.　[Vol. 110.

under the old rule of pleading were entitled to recover upon the counts for work and labor, and are so under the present system." *Hurst* v. *Litchfield,* 39 N. Y. 377. The trial justice correctly ruled, however, that the plaintiff having shown that there was some contract made with the defendant, could not recover unless it showed all the terms of that contract, and also showed that it had complied with these terms, but in my opinion he erred in his construction of the actual contract, and through that error in the exclusion of evidence which would have tended to prove that the plaintiff did the work which it agreed to do. The trial justice took the view that the proposed contract made with the Rhinelander estate became the actual contract between the plaintiff and the defendant, and that the plaintiff was bound to prove the contents of the offer or estimate sent to the Rhinelander estate, and excluded the plaintiff's evidence of the work which it had done until the contents of that estimate was proven. It seems to me that the prior negotiations with the Rhinelander estate never ripened into a contract, and that the terms of the plaintiff's offer to the Rhinelander estate are not actually relevant to the present action, but that the terms of the contract between these parties were settled by the conversation between them, followed up by the letter from the plaintiff to the defendant, and the implied acceptance of the terms of that letter by the defendant, as evidenced by his conduct in permitting the plaintiff thereafter to proceed with the work.

After the trial justice had made this ruling the plaintiff called the defendant as its own witness. He testified that he saw the work being done, and the work was satisfactory to him. He was then asked the following questions and gave the following answers: "Q. Mr. Hagedorn, was the work which was done on

those roofs done at your request? A. Yes. Q. And did you agree to pay for it? A. I did. Q. Did you agree to pay $1,125? A. I did. Q. And was that the work done? A. Yes.''

After that testimony was given the plaintiff rested, and the defendant put in considerable testimony which was not substantially contradicted by the plaintiff, to show that in fact the plaintiff did not do the work in a workmanlike manner, or as set forth in its own letter. At the close of the trial both sides moved for the direction of a verdict, and the trial judge directed a verdict in favor of the defendant. The plaintiff now appeals from the judgment on the ground that after the defendant had admitted on the stand that the work was satisfactory to him; that he had agreed to pay $1,125 for the work, and that the work was actually done, there were no further issues to be litigated, and that the trial justice erroneously admitted testimony thereafter produced by the defendant to show that the work was not properly done, and thereby to contradict his own admissions, and the plaintiff further claims upon this appeal that the erroneous exclusion by the trial justice of its own testimony as to the work done by it constitutes reversible error.

The admissions of the defendant were made in the course of his testimony when produced as a witness by the plaintiff. They were not formal judicial admissions intended to limit the issues and make unnecessary the production of proof by the plaintiff of the matters admitted. The admissions in fact constitute testimony produced by the plaintiff to prove facts which were denied by the defendant, and except for the fact that this evidence may have greater weight because given out of the mouth of the defendant himself, they have no different effect than testimony

Appellate Term, First Department, March, 1920.    [Vol. 110.

given by any other witness.   The plaintiff has con-
fused the force of informal judicial admissions given
in the form of testimony with the force of formal judi-
cial admissions embodied in the pleadings or in stipu-
lations made in court intended to make proof unneces-
sary.   This distinction is clearly pointed out in Cham-
berlayne's Modern Law of Evidence (Vol. 2, § 1286):
" In case of the informal judicial admission the
rules of procedure attach a *prima facie* force.   The
party is, however, by no means concluded by his state-
ment.   His opponent may rest his case upon it, with
confidence, in the absence of further evidence.   But
the litigant himself may always seek to correct his
mistake so that his statements may be made to cor-
respond with the truth of the matter.   He may, accord-
ingly, upon assuming the burden imposed by so
contradictory a position, deny the truth of what he
has previously stated.   The injurious effect of such
a change of position will be found to vary somewhat
according as the informal judicial admission of the
party relates, on the one hand, to a fact the truth
about which the declarant must have known at all
times or is, on the contrary, a mere estimate, as to
which fair differences of inference might well arise."
Applying this rule to the present case, it is quite evi-
dent that the admissions of the defendant that the
work was done and was satisfactory to him are merely
an estimate by him, and do not preclude him from
showing by experts that even though the work was
satisfactory to him it was not performed in accord-
ance with the contract, and in the absence of testi-
mony by the plaintiff to show the exact work which it
performed, the trial justice could properly believe the
experts produced by the defendant, in spite of his own
admission that the work was satisfactory to him.   To
hold that the defendant intended to admit that the

work contracted for was actually properly performed, and that he has no defense to the action, would be contrary to reason and justice. On the other hand, the exclusion by the trial justice of the plaintiff's own testimony as to what work it actually performed precluded the plaintiff from combatting the proof produced by the defendant. It is true that the trial justice was led into this error by the attitude of the plaintiff's counsel that the plaintiff was not bound to show that it had complied with the terms set forth in its letter, because according to his contention the plaintiff could have complied with the contract by putting up "a first-class roof," but since the plaintiff's counsel stated that "what is a first-class roof is defined perhaps in the terms of that guarantee," and attempted to prove that the terms had been complied with, the exclusion of that evidence constituted an error which vitiates the judgment.

Judgment should, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

FINCH and MULLAN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.